[Civ. No. 11438. First Appellate District, Division One.—February 21, 1941.]

POPE ESTATE COMPANY (a Corporation), Respondent, v. CHARLES G. JOHNSON, as State Treasurer, etc., Appellant.

Earl Warren, Attorney-General, and H. H. Linney and Adrian A. Kragen, Deputies Attorney-General, for Appellant.

Sullivan, Roche & Johnson for Respondent.

PETERS, P. J.—The state treasurer appeals from a judgment directing the issuance of a peremptory writ of mandate ordering him to pay to plaintiff the sum of $3,167.91 with interest. In the trial court the cause was determined upon the petition of plaintiff and the demurrer of defendant.

As disclosed by the petition, the facts are as follows: On April 15, 1934, the plaintiff, a corporation doing business in California, filed with the state franchise tax commissioner its franchise tax return for the year 1933 showing a tax of $919.04, which was paid. Thereafter, in October of 1934, the franchise tax commissioner recommended the assessment of an additional tax against plaintiff for the year 1933 in the sum of $222.51. This additional levy was paid by plaintiff. In 1936 the franchise tax commissioner levied an additional tax against plaintiff for the year 1933 in the sum of $2,706.68. This additional levy was paid by plaintiff under protest. Thereafter, in May of 1937, plaintiff brought an action in the

Superior Court of San Francisco for the refund of the amount paid under protest. This action was contested by the state, and on February 6, 1939, resulted in a judgment in favor of the plaintiff. This judgment was in the sum of $3,152.66, with interest, and became final through failure of the state to appeal. After the judgment became final, the plaintiff, on August 22, 1939, made written demand on the defendant state treasurer for its payment. The defendant refused to pay the judgment on the ground that the franchise tax commissioner had re-examined plaintiff's return for the taxable year 1933 and determined that plaintiff owed an additional tax for that year in the sum of $2,036.49. Plaintiff refused to accept this deduction from its judgment, and thereupon instituted the present *mandamus* proceedings to compel the payment to it of the full amount of the judgment. The trial court overruled the demurrer of defendant and entered its order and judgment, from which this appeal is taken.

It is the theory of the appellant that, under section 30 of the Bank and Corporation Franchise Tax Act (Deering's Gen. Laws of California, 1937), as amended in 1939 (Stats. 1939, chap. 1050, p. 2934, at p. 2968) when a taxpayer secures a final judgment for a refund of a portion of its franchise tax paid under protest, the state may re-examine the return for that and other years, and, if it finds that a further tax is due the state, may deduct this amount from the judgment.

Section 30 provides that the taxpayer may bring an action for a refund within one year from the date of payment, or within four years from the date prescribed for filing the return. After providing that the Attorney-General shall defend such action, the section provides that: "The provisions of the Code of Civil Procedure, relating to pleadings, proofs, trials, and appeals are applicable to the proceedings herein provided for." After setting forth certain procedural matters not relevant to the present case, the section contains the paragraph upon which the state predicates its appeal. It reads as follows:

"If judgment is rendered against the commissioner, the amount thereof shall first be credited against any taxes and interest due from the taxpayer under this act and the remainder refunded to the taxpayer or its successor by the State Treasurer on warrant drawn by the Controller".

It is the theory of the appellant that, under this section, although the period within which the state may levy an additional assessment has expired, when the taxpayer sues for a refund and secures a final judgment, the state may offset against such judgment, apparently without notice or hearing, not in the action for the refund, but after judgment for the refund has become final, any sum later determined to be due for the same year involved in the refund proceedings. The appellant argues that claims of the state barred by the statute of limitations, although they cannot be affirmatively enforced by action, in good conscience, should be allowed as an offset against a judgment for refund. It contends that section 30, quoted *supra*, is a statutory recognition of that doctrine.

The difficulty with the argument of the appellant is that it completely disregards the doctrine of *res judicata*. When the taxpayer, the respondent, brought the action in the superior court for a refund of a portion of its 1933 tax, it put into issue the question as to whether a refund for the year 1933 was due to it. This placed in issue the question as to the total amount due from the taxpayer for the year 1933. The state, in that action could have raised the defense that, although the $3,000 plus claim for refund was proper, there were other items which the taxpayer had omitted from its return for that year, which, if included, would show that the taxpayer had underpaid its tax some $2,000. This is so even though the claimed deficiency for the year 1933 was barred by the statute of limitations. (*Lewis* v. *Reynolds,* 284 U. S. 281 [52 Sup. Ct. 145, 76 L. Ed. 293].) Therefore, when the court adjudicated that the taxpayer had overpaid its 1933 tax in an amount in excess of $3,000, it was in effect adjudicating that no other sum was due from the taxpayer. Whatever may be the proper interpretation of section 30, in so far as it may confer the right on the state to offset claimed deficiencies for prior or subsequent years to that involved in the refund proceeding, the section does not confer the right to offset a claimed deficiency for the same year as was involved in the refund proceeding. This is so because section 30 gives the right to offset as against such judgment "any taxes and interest *due* from the taxpayer". The adjudication that the taxpayer was entitled to a refund for the tax year 1933 is necessarily an adjudication that no other sum was *due* from the taxpayer under the franchise tax act for that year.

■ The above principles have many times been stated by the federal courts. A suit for a recovery of the whole or a portion of a tax for a particular year throws open all questions relating to the same tax year. Neither the tax collecting authorities nor the taxpayer are at liberty to split up the question and prosecute in the courts the question as to liability for that year piecemeal. The rule is quite absolute in its character and applies so as to prevent a second action in the courts involving a particular year's liability even though the facts upon which the second suit rests occurred after the first was decided. (*International Curtis Marine Turbine Co.* v. *United States*, 56 Fed. (2d) 708; *Backus* v. *United States*, 59 Fed. (2d) 242, *certiorari* denied 288 U. S. 610 [53 Sup. Ct. 402, 77 L. Ed. 984]; *Bankers' Reserve Life Co.* v. *United States*, 44 Fed. (2d) 1000, *certiorari* denied 283 U. S. 836 [51 Sup. Ct. 485, 75 L. Ed. 1448]; *Bertelsen* v. *White*, 58 Fed. (2d) 792, aff. on different grounds, 65 Fed. (2d) 719; *Bowe-Burke Mining Co.* v. *Willcuts*, 45 Fed. (2d) 394; *Bindley* v. *Heiner*, 38 Fed. (2d) 489; *Chicago Junction Rys., etc.*, v. *United States*, 10 Fed. Supp. 156; 46 Yale Law Journal, 1320, at p. 1327.) The fact that the formal parties on behalf of the government are different in the two proceedings has no effect on the doctrine. (*Tait* v. *Western Md. Ry. Co.*, 289 U. S. 620 [53 Sup. Ct. 706, 77 L. Ed. 1405]; *Bertelsen* v. *White, supra.*) The rule applies even though the first suit is by the government for a deficiency and the second by a taxpayer for a refund, where the same year's liability is at issue. (*Bindley* v. *Heiner, supra.*) The cases are collected and commented on in an annotation appearing in 130 A. L. R. 374.

The basis of the rule is stated in *Guettel* v. *United States*, 95 Fed. (2d) 229 (see the same case in the lower court, 17 Fed. Supp. 725). In this case the taxpayer paid the Federal Estate Tax and thereafter brought suit for a refund of certain designated items alleged to have been improperly included in the tax. After the judgment in that case had become final, the Supreme Court of the United States decided a case indicating that the taxpayer was entitled to an additional refund. It was held that the second action was barred. The court stated (p. 230): "The estate tax was an entirety. It was a single tax based upon percentages of the net taxable value of the whole estate. It was not an aggregation of separate taxes upon separate items which went to make up the net

taxable value of the estate. A single tax was assessed, and a single tax was paid. Because the tax assessed and paid was in excess of what was legally due the government, it was obligated to repay the entire excess; but the cause of action for the recovery of the whole excess arose out of one transaction and was a single cause of action, regardless of the number of grounds upon which the tax was excessive. A judgment having been obtained by the appellants for so much of the overpayment of the tax as was due to the inclusion of the value of insurance policies which were not a part of gross estate, this action to recover so much of the overpayment as was due to the inclusion of the value of Missouri real estate would seem to be barred by that judgment.

" 'The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. *In the former case a judgment upon the merits is an absolute bar to the subsequent action.'* (Italics supplied.) *Tait* v. *Western Maryland Railway Co.,* 289 U. S. 620, 623, 53 S. Ct. 706, 707, 77 L. Ed. 1405. The reason for this is that a judgment, if rendered upon the merits, is conclusive not only as to all matters which were decided, but as to all matters which might have been decided. [Citing cases.] The appellants were not at liberty to split up their claim for the recovery of their overpayment of the estate tax, and to prosecute it piecemeal or to present in their first suit only a portion of the grounds upon which they based their claim that the tax had been overpaid, and leave another ground or other grounds to be presented in a subsequent action." It was urged that the taxpayer did not know of his rights at the time the first action was tried. The court held on this point (p. 232): "The rule of *res judicata* is based upon that public policy which requires that a single controversy which is capable of being completely determined in one suit shall be ended by the judgment in that suit, and shall not become the subject matter of subsequent litigation. See *Southern Pacific Railroad Co.* v. *United States,* 168 U. S. 1, 48, 18 S. Ct. 18, 42 L. Ed. 355. 'The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens. Alteration of the law in this respect is a matter for the law-making body rather than the courts.' *Tait* v. *Western Maryland Ry. Co., supra,* 289 U. S. 620, 624, 53 S. Ct. 706, 707,

77 L. Ed. 1405. The same public policy which gives rise to the rule should, we think, prevent its applicability being made dependent upon the knowledge or lack of knowledge of the parties as to their legal rights. Moreover, while a judgment upon the merits may be set aside for equitable reasons in a direct proceeding brought for that purpose, it may not be impeached collaterally.''

Under these authorities we think the state is barred from urging in this proceeding that it has the right to offset against the final judgment the claimed deficiency in the 1933 tax of respondent. The final judgment in the refund action amounts to a final adjudication, conclusive on the state and taxpayer alike, that no further tax is due from the taxpayer for that year, and that the taxpayer is not entitled to any further refund for that year. Since this is so, section 30, by its very terms, referring only to the right to offset ''due'' taxes, has no application.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.