[L. A. No. 26026.   In Bank.   July 31, 1962.]

DECORATIVE CARPETS, INC., Plaintiff and Respondent, v. STATE BOARD OF EQUALIZATION, Defendant and Appellant.

Stanley Mosk, Attorney General, Dan Kaufmann, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Appellant.

Loeb & Loeb, John L. Cole and John S. Warren for Plaintiff and Respondent.

TRAYNOR, J.—Defendant appeals from a judgment awarding plaintiff a refund of sales taxes. (Rev. & Tax. Code, § 6933.) The facts were stipulated. Since April 1, 1955, plaintiff has sold carpeting at retail and has also furnished and installed carpeting. The tax with respect to sales of carpeting only was properly computed and paid. The tax with respect to sales and installations of carpeting, however, was overpaid. In each such transaction plaintiff collected a separately stated amount to cover the sales tax imposed upon it. (Rev. & Tax. Code, § 6052.)

Plaintiff computed the amount to cover the sales tax on the total price charged the customer for carpeting, material, and labor in about 60 per cent of the transactions involved.

In the other 40 per cent, it computed the amount to cover sales tax on the price of the carpeting materials alone. Plaintiff paid to defendant the total amount collected from its customers to cover the sales tax. It is agreed that plaintiff was a consumer and not a retailer of the carpeting and other materials used in its installations (Cal. Admin. Code, tit. 18, § 1921) and was therefore liable only for a tax measured by the price that it paid for such carpeting and materials. (Rev. & Tax. Code, § 6094.) Because of its misunderstanding as to the proper method of computing the tax, plaintiff collected from its customers and paid to defendant $4,337.45 more than it should have collected and paid.

At the trial plaintiff's president testified that the refund sought included excessive reimbursements for sales tax from 882 customers and that plaintiff had invoices showing their names and addresses. Plaintiff stipulated, however, that it is seeking the refund for itself only and does not intend to pass it on to these customers.

The trial court held that plaintiff was entitled to the refund on the ground that the retailer is the taxpayer (Rev. & Tax. Code, § 6051; *De Aryan* v. *Akers*, 12 Cal.2d 781, 785 [87 P.2d 695]) and the state has no interest in any liability the retailer may have to its customers for collecting excessive tax reimbursements from them under a mistake of law. (*123 East Fifty-Fourth Street, Inc.* v. *United States* (2d Cir. 1946) 157 F.2d 68-70.) Defendant contends that plaintiff would be unjustly enriched were it permitted to recover the excess tax without paying it over to its customers.

Civil Code section 2224 provides: "One who gains a thing by fraud, accident, mistake, . . . is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." █ A mistake of law that causes the erroneous computation of tax reimbursements and payments, as in this case, gives rise to an involuntary trust. (*Donovan* v. *Stevens*, 179 Cal. 32, 38 [175 P. 400]; *First Nat. Bank* v. *Wakefield*, 148 Cal. 558, 561 [83 P. 1076].) "[I]f the plaintiff collected the money under what the guests must have understood to be a statement that it was obliged to pay it as a tax, and that it meant to do so, the money was charged with a constructive trust certainly so long as it remained in the plaintiff's hands. . . ." (Learned Hand, J., dissenting in *123 East Fifty-Fourth Street, Inc.* v. *United States, supra*, p. 71.)

Plaintiff paid the sums collected to defendant because of the same mistake. Under these circumstances defendant would ordinarily also become a constructive trustee obligated to restore the sums to plaintiff's customers. (*Lathrop* v. *Bampton*, 31 Cal. 17, 21 [89 Am.Dec. 141] ; 54 Am.Jur., Trusts, § 254, pp. 196-197.) Defendant's liability to refund taxes erroneously collected, however, is governed by statute (Rev. & Tax. Code, § 6901 et seq.) and the orderly administration of the tax laws requires adherence to the statutory procedures and precludes imposing on defendant the burden of making refunds to the taxpayer's customers. Defendant, however, has a vital interest in the integrity of the sales tax (*County of San Bernardino* v. *Harsh Calif. Corp.*, 52 Cal. 2d 341, 345 [340 P.2d 617]), and may therefore insist as a condition of refunding overpayments to plaintiff that it discharge its trust obligations to its customers. To allow plaintiff a refund without requiring it to repay its customers the amounts erroneously collected from them would sanction a misuse of the sales tax by a retailer for his private gain.

Parties to an action frequently have responsibilities to persons who are not parties. In *Mallon* v. *City of Long Beach*, 44 Cal.2d 199, 212-213 [282 P.2d 481], this court held that the City of Long Beach held funds derived from the sale of oil and gas from tidelands upon a resulting trust for the state, which was not a party to the action. In *Lindheimer* v. *Illinois Bell Telephone Co.*, 292 U.S. 151, 175-176 [54 S.Ct. 658, 78 L.Ed. 1182], the United States Supreme Court approved a district court order requiring the telephone company to refund to its customers, who were not parties, service charges collected in excess of lawful rates. (See *Illinois Bell Telephone Co.* v. *Slattery* (7th Cir. 1939) 102 F.2d 58, 60, 63, 68.) The district court devised a plan for accomplishment of the refund and compelled the telephone company to follow the plan.

Ordering the return of the funds in question to the customers from whom they were derived is consonant with legislative policy. In 1961 the Legislature enacted Revenue and Taxation Code section 6054.5, which provides: "When an amount represented by a person to a customer as constituting reimbursement for taxes due under this part is computed upon an amount that is not taxable or is in excess of the taxable amount and is actually paid by the customer to the person, the amount so paid shall be returned by the person to the customer upon notification by the Board of

Equalization or by the customer that such excess has been ascertained. In the event of his failure or refusal to do so, the amount so paid, if knowingly computed by the person upon an amount that is not taxable or is in excess of the taxable amount, shall constitute an obligation due from him to this State. Such obligation may be determined and collected by the board in accordance with Chapters 5 and 6 of this part. The amount so collected shall be refunded by the board to the person in accordance with Chapter 7 of this part, only upon submission of proof to the satisfaction of the board, or in the event the board denies his claim for refund, to the satisfaction of the superior court, that such amount has been returned or will be returned to the customer.'' This section requires payment to the customer of all amounts erroneously collected, whether intentionally or by mistake, but it has prescribed a specific remedy only when the retailer has knowingly collected an excessive reimbursement and not paid it to the state. ██ Although it was enacted after the overpayments were made in this case, the Legislature has never provided that customers are not entitled to recover from retailers amounts erroneously charged to cover sales taxes. Thus it was left to the courts to define the rights of the parties in this respect and to adopt appropriate remedies. It is still left to the courts to adopt appropriate remedies when excessive reimbursements have been collected by mistake and paid to the state. We have concluded that the remedy set forth in section 6054.5 is an appropriate model for the court to adopt in enforcing plaintiff's trust obligations in this case.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment for plaintiff only if it submits proof satisfactory to the court that the refund will be returned to plaintiff's customers from whom the excess payments were erroneously collected.

Gibson, C. J., Peters, J., and White, J., concurred.

SCHAUER, J.—In my view the opinion prepared by Mr. Justice Ford for the District Court of Appeal when this case was before that court (*Decorative Carpets, Inc.* v. *State Board of Equalization* (Cal.App.) 16 Cal.Rptr. 531) adequately discusses and correctly resolves the issues presented. For the reasons stated by Justice Ford I would affirm the judgment of the trial court.

McComb, J., concurred.