[Civ. No. 50018. Second Dist., Div. Five. Oct. 5, 1977.]

GEORGE JAVOR, Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

940

**COUNSEL**

Evelle J. Younger, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Defendant and Appellant.

Erwin Sobel and David Daar for Plaintiff and Respondent.

## OPINION

IBÁÑEZ, J.*—This is a class action. George Javor, plaintiff-respondent, filed a complaint individually and on behalf of all consumer-purchasers who, between August 15, 1971, and December 11, 1971, purchased motor vehicles of certain models and descriptions and accessories thereto. Hereinafter all references to motor vehicles and accessories are to those referred to in the complaint.

The defendants named in the complaint are the State Board of Equalization of the State of California (Board); Hamilton Buick, Inc., a corporation, and all retailers of the motor vehicles. The only parties before us are the Board, defendant-appellant, and Javor for himself and on behalf of all members of the class, plaintiff-respondent. Javor, individually and as representative of the class, will sometimes be referred to as plaintiffs or as the plaintiff class.

The case before us follows a decision by the Supreme Court, *Javor* v. *State Board of Equalization* (1974) 12 Cal.3d 790 [117 Cal.Rptr. 305, 527 P.2d 1153] in which the Board interposed a general demurrer to the complaint. The court sustained the demurrer with leave to amend, but the plaintiffs chose not to amend and a judgment of dismissal followed. The plaintiffs appealed and the Supreme Court reversed with directions to overrule the demurrer.

### STATEMENT OF FACTS

Plaintiffs seek to recover a portion of the sales tax paid to retailers. The sales tax was computed on the gross purchase price which included a Federal Manufacturers Excise Tax imposed on the sale of specified new motor vehicles and accessories. On December 11, 1971, the Congress repealed this excise tax retroactively to August 15, 1971, and ordered a refund to those persons who purchased motor vehicles during this four-month period.

The contention of plaintiffs is that this refund effected *pro tanto* a reduction in the purchase price of the motor vehicles, hence the sales tax should have been computed on the basis of the purchase price as reduced by the refund. It is the increment of difference in the sales tax as

---

*Assigned by the Chairperson of the Judicial Council.

originally computed and as computed on the stated reduction in the purchase price which the plaintiffs seek to recover in this class action.

*Trial Following Supreme*
*Court Decision*

Following the appeal the Board filed an answer denying the material allegations of the complaint and interposing an affirmative defense alleging that the causes of action of the plaintiffs were barred "by the provisions of Section 6902[1] and Section 6932[2] of the Revenue and Taxation Code for the periods for which these sections are applicable." (All references hereinafter shall be to the Revenue and Taxation Code unless otherwise indicated.)

After the joinder of issues the case went to trial where the parties settled by stipulation all issues except two. These were submitted to the court for decision. The stipulation, in pertinent part, read as follows: "There remains to be determined . . . the effect of Chapter 7, Articles 1 and 2 of the Sales and Use Tax Law upon the power of the Board to pay any claim for refund of sales tax paid to the Board by the automobile dealer defendants for the quarterly periods which include the period August 15, 1971, to December 11, 1971, as well as the manner in which the amount of any refund that may be due shall be determined and paid . . . . In the event the court determines . . . that the claims are barred by Section 6902," the action against the Board shall be dismissed and the plaintiffs shall have the right of appeal. On the other hand, if the "court determines that the claims are not barred by Section 6902, or that the Board shall not strictly comply with the provisions of Chapter 7, Articles

---

[1]Section 6902 Filing claim for refund or credit: Necessity for "(a) Except as provided in subdivision (b) no refund shall be approved by the board after three years from the last day of the month following the close of the quarterly period for which the overpayment was made, or, with respect to determinations made under Article 2, 3 or 4 of Chapter 5 of this part, after six months from the date the determinations become final, or after six months from the date of overpayment, whichever period expires the later, unless a claim therefor is filed with the board within such period. No credit shall be approved by the board after the expiration of such period unless a claim for credit is filed with the board within such period, or unless the credit relates to a period for which a waiver is given pursuant to Section 6488. (b) A refund may be approved by the board for any period for which a waiver is given under Section 6488 if a claim therefor is filed with the board before the expiration of the period agreed upon."

[2]Section 6932 Claim for refund or credit as condition precedent: "No suit or proceeding shall be maintained in any court for the recovery of any amount alleged to have been erroneously or illegally determined or collected unless a claim for refund or credit has been duly filed pursuant to Article 1 of this chapter."

1 and 2 of the Sales and Use Act Law in response to the claims for refund of the automobile dealer defendants," the Board, likewise, shall have the right to test the ruling by writ or by an appeal from the judgment.

Pursuant to the stated stipulation, the Board made two motions for summary judgment. These were denied, the court ruling as follows: "(1) The claims of the plaintiffs [s] and the defendant classes are not barred by Section 6902 of the Revenue and Taxation Code and (2) that the Board is not entitled to an offset of indebtedness of individual members of the dealer class as claimed in the Board's motion."

The first contention made by the Board is that the right to file claims for refunds for the period from August 15, 1971, to December 11, 1971, is barred by sections 6902 and 6932 and that the Board has no authority to refund excess payments of sales tax "in the absence of a timely claim being made for a refund." The time to file claims, the Board argues, expired on January 31, 1975, for the reason that the quarterly payment for the period ending December 31, 1971, was due "and presumably paid on January 31, 1972." Section 6451.[3] *Holland Furnace Co.* v. *State Board of Equalization* (1960) 177 Cal.App.2d 672 [2 Cal.Rptr. 606].

The Board asserts that *Javor* v. *State Board of Equalization* (1974) *supra,* 12 Cal.3d 790, holds that the only remedy available to the plaintiffs is to compel the retailers to file claims for refunds which are then to be paid to the consumer-purchasers. But, the argument continues, if the right to file a claim for refund by the retailers is barred by sections 6902 and 6932, the right of the consumer-purchasers to compel the retailers to file a claim for refund is likewise barred. Finally, the Board states: the requirements of sections 6902 and 6932 proscribe its power to pay the refunds here claimed.

*Tax Overpayment Admitted—*
*Board Procedure for Refunds*

The Board admits that there has been an overpayment of the sales tax and points out that a procedure for obtaining refunds for this overpay-

---

[3]Section 6451. Due date of taxes. "The taxes imposed by this part are due and payable to the board quarterly on or before the last day of the month next succeeding each quarterly period."

ment has been established by it.[4] But *Javor, supra,* held that the procedure established by the Board was ineffective for getting the job done; hence, it was necessary to tailor a remedy consonant[5] with the existing statutory proceedings and the decision in *Decorative Carpets Inc. v. State Board of Equalization* (1962) 58 Cal.2d 252 [23 Cal.Rptr. 589, 373 P.2d 637]. The court noted that even after the amendment to section 6054.5, "[T]he Legislature has still failed to prescribe a specific remedy for customers where the retailer has already paid the excessive amount collected to the Board. Therefore, we find ourselves in the same position as the court in *Decorative Carpets* and must fashion an appropriate remedy to effect the customers' right to their refund which is consonant with existing statutory procedures." *Javor, supra,* at page 800.

The appropriate remedy which the court in *Javor* tailored for the plaintiffs was based upon the theory that the Board became a constructive trustee with an obligation to restore the sums to the plaintiffs.[6] The

---

[4]"Under the authority of Section 7051, defendant Board has promulgated rules contained in title 18, California Administrative Code, Section 1617, subdivision (d) which provide: (1) that repayment of the federal excise tax by the manufacturer to the retailer shall be regarded for sales tax purposes as a reduction of the retailer's cost of goods sold; and (2) that repayment of said tax by the manufacturer to the consumer will be regarded as a price adjustment, that taxable gross receipts of the retailer will be reduced accordingly and that the sales tax will be refunded to the retailer provided he also repays to the consumer the amount collected from him as sales tax reimbursement." *Javor, supra,* at page 794.

[5]"Defendant Board asserts, and we agree, that to give customers a direct cause of action against the Board for all erroneously collected sales tax reimbursements which have already been paid to the Board by the retailer would neither be consonant with existing statutory procedures nor with the import of *Decorative Carpets.* Nonetheless, as we pointed out in *Decorative Carpets,* in respect to the customer's right to be reimbursed by the retailer, the Board is not a neutral or disinterested party for two reasons: First, it has a vital interest in the integrity of the sales tax and therefore a responsibility to customers who are entitled to a refund; and, second, it holds the excessive monies collected by the retailers who paid them to the Board and it is not entitled to them. (3) Section 6054.5 and *Decorative Carpets* make it clear that both the Legislature and the courts have placed a duty upon the Board to see that the customer eventually obtains any refund made to the retailer. Although, as we observed earlier, this duty may stop short of compelling the Board to repay the customers directly, nevertheless the Board cannot use the refund procedure to abdicate its responsibility to the customer, particularly where the Board stands to unjustly profit under such circumstances." *Javor, supra,* at page 800.

[6]"Our opinion [in *Decorative Carpets*] was grounded on the following general principles: 'Civil Code section 2224 provides: "One who gains a thing by fraud, accident, mistake, . . . is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." A mistake of law that causes the erroneous computation of tax reimbursements and payments . . . gives rise to an involuntary trust. [Citations.]' (58 Cal.2d at p. 254.) Observing that the retailer had paid the sums collected from the customers to the Board because of the same mistake, we declared that '[u]nder these circumstances *defendant*

remedy given to the plaintiffs is the criteria applicable in resolving the contentions of the Board to which we now turn.

### ■ SECTIONS 6902 AND 6932 DO NOT BAR THE CLAIM OF PLAINTIFFS, NOR DO THESE SECTIONS PROSCRIBE THE POWER OF THE BOARD TO MAKE THE REFUNDS

Having followed the Ariadne thread predicating the judicial remedy making the right of the consumer-purchaser class viable, we address ourselves to the first contention made by the Board, namely, that sections 6902 and 6932 proscribe its power to comply with judgment.

### LAW OF THE CASE

The complaint joined the Board on the theory that, in collecting and holding the tax, the Board was unjustly enriched; hence, to achieve a complete remedy, it should be declared to be a constructive trustee for the plaintiffs who were rightfully entitled to receive the sales tax refunds. In reversing and remanding with instructions to overrule the demurrer, the court in *Javor* found without merit the contention of the Board that the action was barred by sections 6902 and 6932. The court also devised a remedy for the plaintiffs, i.e., the right to compel the dealers to make claims for refunds to the Board; the Board, in turn, was required to respond by depositing the funds in court. It is obvious that, if the Board was required to deposit the funds in court, it cannot now refuse to do so on the very ground which the court in *Javor* held was without basis. The Board cannot reassert this contention now. It is precluded from doing so under the doctrine of the law of the case.

Under this doctrine a rule of law in and necessary to a decision on appeal conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case. *Tally* v. *Ganahl* (1907) 151 Cal. 418, 421 [90 P. 1049]; *Gyerman* v. *United States Lines Company* (1972) 7 Cal.3d 488, 498 [102 Cal.Rptr.

---

[the Board] would ordinarily also become a constructive trustee obligated to restore the sums to plaintiff's *customers*.' (58 Cal.2d at p. 255, italics added.)." *Javor, supra,* at page 798.

795, 498 P.2d 1043]; 6 Witkin, California Procedure (2d ed. 1971) Appeal, section 633, page 4552.

It follows that the doctrine of the law of the case applies and *Javor* gives a final and definitive answer adverse to the contention of the Board, i.e., that the relief sought is not barred by sections 6902 and 6932.

█ OTHER GROUNDS MAKING THE DEFENSE OF
SECTIONS 6902 AND 6932 INAPPLICABLE

Though it is clear that *Javor* disposed of the Board's contentions, it might be argued that the failure to mention sections 6902 and 6932 left open the defense under these sections. Such is not the case for the reason that these sections are in the nature of statutes of limitations and as such are ineffective.

The plaintiffs cannot be faulted for being tardy of action nor for presenting a stale claim. Until *Javor* tailored a judicial remedy it could not make viable the admitted right in the plaintiffs. The ruling on the demurrer affected the right not only as against the Board but against the dealers as well; the remedy given to the plaintiffs against both is interrelated. *Cohen* v. *Superior Court* (1966) 244 Cal.App.2d 650, 655 [53 Cal.Rptr. 378]. Indeed, the related right of the defendant dealers to file a cross-complaint against the Board, and, as a concomitant prerequisite thereto, to file a claim for refund was involved. Affirmative relief was available to the defendant dealers as against the Board at the time that the complaint in this action was filed. █ It is settled that the commencement of an action stops the running of the statute not only on the plaintiff's cause of action but on any claim by the defendant for affirmative relief.[7] In 1972, before the time for filing claims for refunds against the Board had expired, the complaint by the plaintiffs in this action was filed. Notice was thereby given to the Board of the plaintiffs, their claims to a refund, and their request for a judicial remedy. If the court ruled for the plaintiffs, the Board knew that it would be required to

---

[7]"[C]ommencement of the action stops the running of the statute not only on the plaintiff's cause of action but on any claim by the defendant for affirmative relief which existed at the time of filing the complaint." 2 Witkin, California Procedure (2d ed. 1970) Actions, section 384, page 1219.

respond to the claims. The complaint was therefore proper notice of the plaintiff class, its claims, and its purpose to assert its rights before the court.

Indeed, it appears from the record that some of the defendant-dealers did file claims with the Board within the statutory period; hence these claims enured to the benefit of the entire class of defendant-dealers. (*Santa Barbara Optical Co.* v. *State Bd. of Equalization* (1975) 47 Cal.App.3d 244, 247 [120 Cal.Rptr. 609].)

For the reasons stated, we conclude that there is no merit in the contention of the Board that the right to file claims for refunds and to bring an action to recover same are barred by sections 6902 and 6932; and that likewise there is no merit in its contention that these sections proscribe the Board's power to make refunds to the plaintiffs, the consumer-purchaser class, through the defendant retailers.

## ■ THE RELIEF SOUGHT BY THE CONSUMER-PURCHASER CLASS IS NOT BARRED BY THE PROVISIONS OF SECTIONS 6901 AND 6935

Section 6901[8] provides that when sales or use taxes have been erroneously or illegally computed or collected these shall first be

---

[8]Section 6901. "If the board determines that any amount, penalty, or interest has been paid more than once or has been erroneously or illegally collected or computed, the board shall set forth that fact in the records of the board and shall certify to the State Board of Control the amount collected in excess of the amount legally due and the person from whom it was collected or by whom paid. If approved by the State Board of Control the excess amount collected or paid shall be credited by the board on any amounts then due and payable from the person from whom the excess amount was collected or by whom it was paid under this part, and the balance shall be refunded to the person, or his successors, administrators, or executors.

"In the case, however, of a determination by the board that an amount not exceeding one thousand dollars ($1,000) was not required to be paid under this part, the board without obtaining approval of the State Board of Control may credit the amount on any amounts then due and payable under this part from the person by whom the amount was paid and may refund the balance to the person or his successors, administrators, or executors.

"Any overpayment of the use tax by a purchaser to a retailer who is required to collect the tax and who gives the purchaser a receipt therefor pursuant to Article 1, Chapter 3, of this part shall be credited or refunded by the state to the purchaser."

credited by the Board against taxes due and the balance refunded to the taxpayer. Section 6935 provides for a similar offset against a judgment.[9]

The Board argues that sections 6901 and 6935 proscribe its power to deposit into court the total excess taxes received by the Board from the retailers and which, in turn, were collected by the retailers from the consumer-purchasers. In some instances, the argument goes, a retailer, because of an offset in favor of the Board, would not be entitled to a refund even though he had collected the excess tax from the consumer-purchaser. In such an instance, to require the Board to refund the entire tax by depositing into court, without the right to an offset, would deprive the Board of an effective tax collecting remedy.

The Board also asserts that *Javor, supra,* at page 802, mandates the Board to pay into court all sums, *if any,* [italics the Board's] due the retailers. Hence, it is implied by this language that the Board has a right of offset. It is also argued that a claim or suit by the retailers for a refund "throws open all questions relating to the same tax year."[10] Under *Pope Estate Co.* v. *Johnson* (1941) 43 Cal.App.2d 170 [110 P.2d 481], the Board must assert all offsets during the period covered by the claim for refund because in the event of a final judgment in a suit based upon that claim, the tax liability for that period is res judicata and no additional liability can be asserted for that period, the Board argues.

In reply to the Board's first contention that under *Javor* it is entitled to an offset against the retailers because of the words "if any" in the opinion: These quoted words must be read in context. They are found within the sentence which describes the remedy which the plaintiff class seeks, and not, as the Board asserts, describing the judicial remedy given to the plaintiffs. The remedy, as has already been pointed out, is based upon the theory that the Board is a constructive trustee for the benefit of

---

[9]Section 6935. Judgment for plaintiff: Crediting: Refund of balance. "If judgment is rendered for the plaintiff, the amount of the judgment shall first be credited on any sales or use tax or amount of use tax due and payable from the plaintiff. The balance of the judgment shall be refunded to the plaintiff."

[10]". . . A suit for a recovery of the whole or a portion of a tax for a particular year throws open all questions relating to the same tax year. Neither the tax collecting authorities nor the taxpayer are at liberty to split up the question and prosecute in the courts the question as to liability for that year piecemeal. The rule is quite absolute in its character and applies so as to prevent a second action in the courts involving a particular year's liability even though the facts upon which the second suit rests occurred before the first was decided. . . ." *Pope Estate Co.* v. *Johnson, supra,* at page 174.

the consumer-purchaser class as to the overpayments of tax. It follows that the fund representing the tax overpayments is in the nature of a "res" which must remain inviolate for the benefit of those entitled to it; here, the consumer-purchaser class.[11]

The relief given to the plaintiffs in *Javor* was created by tailoring a remedy "consonant with exiting statutory procedures." The right of the Board to an offset against the retailers is affected only to the extent, if any, required to make the remedy given to the plaintiffs effective, hence the reliance by the Board on *Pope* is misplaced.

*Pope, supra,* is also distinguishable. It raised and settled issues between the taxpayer on the one hand and the Franchise Tax Board on the other. After judgment, the Franchise Tax Board refused to pay on the ground that there was additional tax liability for the year and therefore it was entitled to a setoff against the judgment in favor of the taxpayer. The court disallowed the offset on the grounds that the entire tax for the year was settled in the judgment, hence the doctrine of res judicata applied. "The final judgment in the refund action," states *Pope,* "amounts to a final adjudication, conclusive on the state and taxpayer alike, that no further tax is due from the taxpayer for that year . . . ." *Pope Estate Co.* v. *Johnson, supra,* at page 176.

In the case before us there is no issue as to the taxes due and owing from the retailers to the Board. The amount of the excess taxes collected from the plaintiffs by the dealers and how it is to be refunded to the plaintiffs, the consumer-purchaser class is all that is here involved. In making viable the judicial remedy given to the plaintiffs, the dealers are merely required to act as conduits as to the refunds due to the plaintiffs. In doing so, the position of the dealers on the one hand as against the

---

[11]"The right to recover, the trust property itself is of course clear. But the beneficiary's right goes much further: If he can trace it, he may follow the original trust property into its product, and either impress a *constructive trust* on the product, or have an *equitable lien* on it. . . . [b]ut in either case, the beneficiary has *priority over other creditors of the trustee.*" [Citing authorities.] [Italics in original.] 7 Witkin, Summary of California Law (8th ed. 1974) Trusts, section 86, page 5446.

Board on the other is not adverse; hence, the doctrine of res judicata does not apply.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 1, 1977, and the opinion was modified to read as printed above.