[L. A. No. 3471.   Department One.—April 22, 1915.]

## DOLLY CRIPE, Respondent, v. SAMUEL CRIPE, Appellant.

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—STATE OF FEELINGS. In an action for alienating the affections of a husband or wife, the state of the feelings of such husband or wife is material.

ID.—ACTION FOR ALIENATION—ABSENCE OF AFFECTION—DECLARATION OF SPOUSE—EVIDENCE.—A charge of alienating the affections of a husband from his wife is not sustained if it appears that, before the defendant acted at all, the husband entertained no affection for his wife, and that his actions toward her were the result of his own sentiments, instead of being caused by any persuasion or inducement of the defendant. Consequently, in such an action, the relations between the plaintiff and her husband, and the nature of his feelings toward her are a proper subject of inquiry, and his declarations as to his own state of affections are admissible.

ID.—IMPROPER MOTIVE OF DEFENDANT—DEFENDANT PARENT OF ALIENATED SPOUSE.—In such an action, a material point of inquiry is the intent with which the defendant acted, and it must appear that he has acted from improper motives. A much stronger case is required to be made out where the defendant is a parent of the spouse alleged to have been enticed.

ID.—EXCLUSION OF MATERIAL EVIDENCE—PREJUDICIAL ERROR—SIMILAR EVIDENCE BY IMPEACHED WITNESS.—In an action by a wife against her father-in-law for the alienation of her husband's affections, the exclusion of evidence of the defendant, tending to show that his conduct was free from improper motives, and that the husband's loss of affection for his wife was the result of his own sentiments, will not be deemed unprejudicial, merely because the husband was permitted to testify as to some of the matters concerning which the defendant's testimony was excluded. This is particularly so where the husband's credibility as a witness was impeached.

ID.—ADMISSIBLE DECLARATIONS — FORM OF QUESTIONS — TESTIMONY SOUGHT TO BE ELICITED—PURPOSE OF TESTIMONY.—Where declarations as to which a witness is being examined are admissible generally and have a direct bearing on one of the main issues in the case, the sustaining of objections to questions asked the witness, so framed as to show clearly the nature and purport of the declarations sought to be proved, is erroneous, notwithstanding the party conducting the examination failed to indicate to the court the nature of the testimony sought to be elicited, or the purpose for which the testimony was offered.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Carpenter & Gibbons, for Appellant.

Lamy & Putnam, for Respondent.

SLOSS, J.—The defendant is the father of plaintiff's husband, and is sued for the recovery of damages on account of the alleged alienation of the husband's affections. The cause was tried without a jury and the court awarded the plaintiff a judgment in the sum of one thousand five hundred dollars. Defendant appeals from an order denying his motion for a new trial.

The findings on the main issues are attacked as unsupported by the evidence, but we are satisfied, from an examination of the record, that there was sufficient evidence to justify the findings complained of.

The only remaining point made by the appellant is that the court erred in sustaining objections to various questions put to the defendant while he was testifying as a witness in his own behalf. The plaintiff had introduced testimony tending to show that the defendant had been active in inducing the plaintiff to leave the ranch upon which she resided with her husband, and that when she attempted to return, the defendant took steps to prevent her from rejoining her husband. There was further testimony tending to show that the defendant had advised his son to leave the plaintiff and had threatened to disinherit him if he should again live with her.

In this state of the case the defendant sought to prove that during the marriage and before the separation of the plaintiff and her husband, and before the defendant had sought to bring about such separation, the husband had made certain declarations and statements to the defendant. The nature of these declarations is clearly indicated by the questions asked, some of which were as follows: "What did he" (the son) "say in that conversation?" (a conversation which took place shortly after the marriage). "After the marriage and before Dolly" (the plaintiff) "and Henry" (the hus-

band) "moved to Huasna, did Henry ever complain to you of Dolly's treatment of him?" "After the marriage between your son and Dolly and before the 8th day of August, 1911, did Henry ever tell you that he could not get along with Dolly?" "After the marriage of your son and daughter and before Dolly left the ranch at Huasna in August, 1911, did your son ever tell you that Dolly drank to such an extent that he could not control her, or did he ever tell you during that time that she abused him so bad that he could not live with her?"

These questions were objected to on the ground that they were irrelevant, incompetent, and immaterial, self-serving and hearsay, and the court sustained the objections, on the theory, as it said, "that self-serving declarations are not admissible as such." The rulings, which were not based on any merely formal ground, were erroneous. In an action for alienating the affections of a husband or wife, the state of the feelings of such husband or wife is material. A charge of alienating the affections of a husband from his wife is not sustained if it appears that, before the defendant acted at all, the husband entertained no affection for his wife, and that his actions toward her were the result of his own sentiments, instead of being caused by any persuasion or inducement of the defendant. In this case, therefore, the relations between the plaintiff and her husband, and the nature of his feelings toward her were a proper subject of inquiry. It is a general rule of evidence that where the state of a person's affections or feelings is material, the declarations of such person as to his or her own state of affections are admissible. (Wigmore on Evidence, sec. 1730.) This rule has been applied in many cases similar to the one before us. A few of these may be cited: *Gilchrist* v. *Bale,* 8 Watts (Pa.), 335, [34 Am. Dec. 469]; *Glass* v. *Bennett,* 89 Tenn. 478, [14 S. W. 1085]; *Price* v. *Price,* 91 Iowa, 693, [51 Am. St. Rep. 360, 29 L. R. A. 150, 60 N. W. 202]; *Perry* v. *Lovejoy,* 49 Mich. 529, [14 N. W. 485]. See, also, note to *Fratini* v. *Caslini,* 44 Am. St. Rep. 849.

It is also well settled that in an action for alienating a wife's affections and enticing her away, a material point of inquiry is the intent with which the defendant has acted. It must appear that the defendant has acted from improper motives. The decisions require a much stronger case to be made

out where the defendant is a parent of the spouse alleged to have been enticed. (*Hutcheson* v. *Peck,* 5 Johns. (N. Y.) 196; *Bennett* v. *Smith,* 21 Barb. (N. Y.) 439; *Glass* v. *Bennett,* 89 Tenn. 478, [14 S. W. 1085].) The evidence here offered not only tended to show the state of the husband's feelings toward the plaintiff, but it also had a legitimate bearing upon the motives actuating the defendant in advising or seeking to bring about a separation. It was a part of the information upon which he acted, and he was entitled to have it considered by the court in the determination of the question whether he was acting maliciously or in good faith and for the legitimate protection of his son.

It was virtually conceded on the argument that the testimony should have been admitted. It was argued, however, that its exclusion was harmless because the son was permitted to testify to some of the matters that he had told his father. This did not cure the error. The scope of the inquiry permitted in questioning the son did not cover as broad a field as that included in the questions above quoted. Furthermore, the son's credibility as a witness was impeached, and it is quite evident from the record that the judge himself viewed his testimony with suspicion. Under these circumstances, there can be no doubt of the prejudicial effect of the refusal to allow the defendant's own testimony regarding the declarations made to him by his son. The additional point is made that the sustaining of an objection to questions like those under discussion will not furnish ground for reversal, in the absence of a statement indicating to the court the nature of the testimony sought to be elicited. But the rule thus invoked can have no application here, since the questions themselves were so framed as to show clearly the nature and purport of the declarations sought to be proved. Nor was the defendant called upon to explain the purpose for which the testimony was offered. Such explanation may be necessary where testimony is admissible for a limited purpose only. But here the declarations were admissible generally, and had a direct bearing on one of the main issues in the case. We think the appellant was entitled to have this evidence heard and considered by the court.

The order denying a new trial is reversed.

Lawlor, J., and Shaw, J., concurred.