[Crim. No. 7601. In Bank. Feb. 25, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. CLARENCE SPRIGGS, Defendant and Appellant.

Herbert E. Selwyn, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. A. Collins, Deputy Attorney General, for Plaintiff and Respondent.

TRAYNOR, J.—The trial court sitting without a jury convicted defendant of possessing heroin in violation of Health and Safety Code, section 11500. He appeals from the judgment of conviction, contending that the trial court erred in refusing to admit certain evidence.

The evidence is conflicting. Officer Cochran testified that from a darkened doorway he and two other police officers observed defendant and Mrs. Albertina Roland together on the street on the evening of February 17, 1962. When defendant was about 40 feet from the officers, he bent over and placed his hand under a hedge. He withdrew his hand with a piece of paper in it, looked around, again placed his hand under the hedge, and then stood up and began walking with his companion toward the officers. When they reached the doorway, Officer Cochran stepped out and shouted ''Police Officer.'' Defendant jumped back and threw a balloon and a piece of paper to the ground. Officer Cochran picked up the balloon and paper, and observed a white powder in the balloon. The officers then arrested defendant and Mrs. Roland. At the trial the parties stipulated that the powder was heroin.

Defendant had just been released from prison in the afternoon of the day of the arrest. He testified that he did not purchase or receive narcotics from Mrs. Roland or any other person on that day and that he did not bend over or place his

hand under any hedge, but did stop momentarily while Mrs. Roland bent over to fix her stockings. When the officers accosted him they poked him as if trying to make him gag, and continued to beat him for about 10 minutes until an officer said that he found something on the sidewalk. Defendant testified that he did not throw anything to the ground and that when he and Mrs. Roland were in the police car, an officer stated "One of you had this narcotics, and you are going to tell us which one of you had it." Officer Cochran testified that Mrs. Roland was known by the police as a user of narcotics. Defendant's counsel cross-examined Officer Cochran regarding Mrs. Roland's arrest as follows: "Q. Did you talk to her at the time you arrested her? A. Yes. Q. Did you ask her if the narcotics that you allegedly found were hers? A. Yes, I did. Q. What did she say?" The prosecutor objected on the grounds of immateriality and hearsay, and the trial court sustained the objection. Defendant did not rephrase the question or make an offer of proof of what the expected answer might be. Defendant contends that the witness should have been allowed to answer the question on the ground that the hearsay rule does not preclude admission of a declaration against penal interest.

In 1892 this court held that a hearsay declaration against penal interest was not admissible. (*People* v. *Hall*, 94 Cal. 595, 599 [30 P. 7]; see also *People* v. *Raber*, 168 Cal. 316, 319 [143 P. 317]; *Ryan* v. *Bank of Italy*, 106 Cal.App. 690, 695 [289 P. 863].) Although still the law in a majority of jurisdictions, this rule has been vigorously criticized by the scholars. (5 Wigmore, Evidence (3d ed.) §§ 1476, 1477; McCormick, Evidence, 549-553; McBaine, Cal. Evidence Manual, § 813; Model Code of Evidence, Rule 509; Uniform Rules of Evidence, Rule 63(10); Holmes, J., dissenting in *Donnelly* v. *United States,* 228 U.S. 243, 277 [33 S.Ct. 449, 57 L.Ed. 820].) The traditional rule excluding hearsay declarations against penal interest was first established by the House of Lords in 1844 in the *Sussex Peerage* case, 11 Clark & F. 85. Dean Wigmore points out that the *Sussex* case was a backward step from earlier English cases admitting declarations against interest. (5 Wigmore, *supra,* § 1476.) Exclusion of declarations against penal interest now rests only on the historical accident of the *Sussex* case. (See McBaine, *supra,* § 813; 5 Wigmore, *supra,* § 1477.) A minority of courts, however, have departed from the *Sussex* case and admit hearsay declarations against penal interest. (*Hines* v. *Commonwealth,* 136 Va. 728 [117 S.E. 843, 846-850, 35 A.L.R. 431] [hearsay

testimony of decedent's confession admitted in behalf of defendant] ; *Newberry* v. *Commonwealth*, 191 Va. 445 [61 S.E. 2d 318, 325-326] [third person's written confession admitted although he refused to testify claiming right against self-incrimination] ; *Sutter* v. *Easterly*, 354 Mo. 282 [189 S.W.2d 284, 289-290, 162 A.L.R. 437] [third person's affidavit making statements against penal interest admitted although he refused to testify claiming right against self-incrimination; hearsay declaration not admissible against the defendant in a criminal prosecution, *State* v. *Gorden*, 356 Mo. 1010 [204 S.W.2d 713, 715] ; but cf. *Osborne* v. *Purdome* (Mo.) 250 S.W.2d 159, 163] ; *Blocker* v. *State*, 55 Tex.Crim. 30 [114 S.W. 814, 815, 131 Am.St.Rep. 772] [hearsay declaration admissible if prosecution's evidence solely circumstantial, and it is shown that declarant might have committed the crime] ; *People* v. *Lettrich*, 413 Ill. 172 [108 N.E.2d 488, 492] [third person's confession admissible where prosecution's sole evidence was defendant's repudiated confession] ; *Brenman* v. *State*, 151 Md. 265 [134 A. 148, 150-151, 48 A.L.R. 342] [hearsay declaration of paternity admitted in behalf of defendant prosecuted for bastardy] ; *Thomas* v. *State*, 186 Md. 446 [47 A.2d 43, 45-46 167 A.L.R. 390] [hearsay declaration admissible because declarant available as a witness] ; see also *McClain* v. *Anderson Free Press*, 232 S.C. 448 [102 S.E.2d 750, 760-762] [approving rule admitting declarations against penal interest, but holding evidence inadmissible under facts of case] ; *United States* v. *Annunziato* (2d Cir.) 293 F.2d 373, 378 [admitting evidence on other grounds, but criticizing rule regarding penal interest] ; *In re Forsythe's Estate*, 221 Minn. 303 [22 N.W.2d 19, 25, fn. 3, 167 A.L.R. 1] [dictum indicating admissibility of declarations against penal interest] ; *In re Winineger's Petition* (Okla. Crim.App.) 337 P.2d 445, 452-454 [dissenting opinion].)

In 1872 the California Legislature codified many of the common law rules of evidence, including some of the traditional rules governing admissibility of hearsay evidence. (Code Civ. Proc., § 1825.) The codification of the hearsay rule has remained largely unaltered, although in some instances the Legislature has added to its original enactment (e.g., Uniform Business Records as Evidence Act, Code Civ. Proc., §§ 1953e-1953h). The Legislature, however, did not freeze the law of evidence to the rules set forth in the Code of Civil Procedure or other statutes. (See *Holland* v. *Zollner*, 102 Cal. 633, 637 [36 P. 930, 37 P. 231] ; *People* v. *Ah Sam*,

41 Cal. 645, 653.) Numerous questions arise on which the Legislature has been silent or inexplicit. The courts must answer these questions and develop judicially the law of evidence (*People* v. *Cahan*, 44 Cal.2d 434, 442 [282 P.2d 905, 50 A.L.R.2d 513]; *Williams* v. *Kidd*, 170 Cal. 631, 649[151 P. 1, Ann. Cas. 1916E 703]) in the light of common law principles and the basic objectives of the statutes. (See *Decorative Carpets, Inc.* v. *State Board of Equalization*, 58 Cal.2d 252, 256 [23 Cal.Rptr. 589, 373 P.2d 637]; Stone, *The Common Law in the United States*, 50 Harv.L.Rev. 4; Pound, *Common Law and Legislation*, 21 Harv.L.Rev. 383, 388.) Thus, we have continued to supplement the common law of evidence as it was codified in 1872, restricting the admissibility of certain evidence (*People* v. *Cahan*, *supra*, at p. 445 [excluding illegally obtained evidence]; *Sappenfield* v. *Main St. & Agricultural Park R. R. Co.*, 91 Cal. 48, 61-63 [27 P. 590] [excluding evidence of defendant's safety measures subsequent to accident]; *Citti* v. *Bava*, 204 Cal. 136, 139 [266 P. 954] [excluding evidence of defendant's liability insurance]; see *Brown* v. *Pacific Elec. Ry. Co.*, 79 Cal.App.2d 613, 615-619 [180 P.2d 424] [excluding evidence of plaintiff's settlement with a third person]; *People* v. *Burns*, 109 Cal.App.2d 524, 541-542 [241 P.2d 308, 242 P.2d 9] [excluding gruesome photograph]), and expanding the scope of admissible evidence (*Johnsen* v. *Oakland, S.L. & H.E. Ry.*, 127 Cal. 608, 611 [60 P. 170] [admitting lay opinion of train's speed]; *Healy* v. *Visalia etc. R. R. Co.*, 101 Cal. 585, 589-590 [36 P. 125] [admitting passenger's opinion of effect of crash impact on an ''ordinary person'']; *Robinson* v. *Exempt Fire Co.*, 103 Cal. 1, 4-6 [36 P. 955, 42 Am.St.Rep. 93, 24 L.R.A. 715] [admitting lay opinion of plaintiff's health]; *People* v. *Slobodion*, 31 Cal.2d 555, 559-560 [191 P.2d 1] [admitting extrajudicial identification of criminal defendant]; *People* v. *Manoogian*, 141 Cal. 592, 594-598 [75 P. 177] [admitting witness' observations of defendant's appearance as to his ''being or acting rational or irrational'']; see cases *infra* regarding admissible hearsay evidence).

The basis for excluding hearsay evidence in California is Code of Civil Procedure section 1845, which states that ''A witness can testify of those facts only which he knows of his own knowledge . . . except in those few express cases in which . . . the declarations of others, are admissible.'' The ''express cases'' referred to in section 1845 are commonly known as exceptions to the hearsay rule. The types of admissible hearsay evidence recognized in the common law in 1872 were then

codified in the Code of Civil Procedure. (Code Civ. Proc., §§ 1849, 1850, 1852, 1853, 1870, 1901, 1905, 1920, 1945, 1946.)
 Section 1845, however, simply states the common law principle of inadmissibility of hearsay evidence while recognizing instances of admissible hearsay evidence. The types of admissible hearsay evidence are not confined to those enumerated in the statute. Building on the basic principles of the rules of evidence as codified in 1872 other ''express cases'' have been evolved judicially.

Thus, this court developed the rule that admits hearsay declarations to show the state of mind of the declarant, both at the time of and before the declaration (*Adkins* v. *Brett*, 184 Cal. 252, 255-256 [193 P. 251]; *Estate of Carson*, 184 Cal. 437, 445 [194 P. 5, 17 A.L.R. 239]; *Cripe* v. *Cripe*, 170 Cal. 91, 93 [148 P. 520]; *Whitlow* v. *Durst*, 20 Cal.2d 523, 524-525 [127 P.2d 530]; *Williams* v. *Kidd*, 170 Cal. 631, 648-652 [151 P. 1, Ann. Cas. 1916E 703]); the rule that admits hearsay declarations to establish the future conduct of the declarant (*People* v. *Selby*, 198 Cal. 426, 430 [245 P. 426]; *Benjamin* v. *District Grand Lodge No. 4*, 171 Cal. 260, 266-267 [152 P. 731]; *People* v. *Wright*, 167 Cal. 1, 8 [138 P. 349]; *Union Oil Co.* v. *Stewart*, 158 Cal. 149, 157-158 [110 P. 313, Ann. Cas. 1912A 567]; see *People* v. *Merkouris*, 52 Cal. 2d 672, 682 [344 P.2d 1]; *People* v. *Alcalde*, 24 Cal.2d 177, 185-188 [148 P.2d 627]); the rule that admits hearsay declarations to show the past knowledge of the declarant (*People* v. *One 1948 Chevrolet Conv. Coupe*, 45 Cal.2d 613, 620-622 [290 P.2d 538, 55 A.L.R.2d 1272]); the rule that admits hearsay testimony of spontaneous or excited utterances regardless of their contemporaneousness with a ''transaction in issue''(*Lane* v. *Pacific Greyhound Lines*, 26 Cal.2d 575, 581-582 [160 P.2d 21]; *Showalter* v. *Western Pac. R. R. Co.*, 16 Cal.2d 460, 465-470 [106 P.2d 895]; see *Foster* v. *Pestana*, 77 Cal.App.2d 885, 888-889 [177 P.2d 54]; see Code Civ. Proc., § 1850); and the rule that admits hearsay declarations of pain or suffering (*Bloomberg* v. *Laventhal*, 179 Cal. 616, 619-620 [178 P. 496]; *Lange* v. *Schoettler*, 115 Cal. 388, 393 [47 P. 139]; see *Williams* v. *A.R.G. Bus Co.*, 47 Cal.App. 568, 570 [190 P. 1036]), and of bodily condition (*People* v. *Brown*, 49 Cal.2d 577, 585-587 [320 P.2d 5]; *People* v. *Wright*, 167 Cal. 1, 8 [138 P. 349]; see *People* v. *Thomas*, 51 Cal.App. 731, 735-736 [197 P. 677]).

Code of Civil Procedure section 1853, section 1870, subdivision 4, and section 1946, subdivision 1, contain piecemeal

statements of the common law rule admitting hearsay declarations against interest.[1] Here again we have gone beyond the 1872 codification. Hearsay declarations against interest are admissible against a party not the decedent's successor in interest, even though not made against the declarant's interest in real property. (*Emery* v. *Pacific Employers Ins. Co.,* 8 Cal.2d 663, 673-674 [67 P.2d 1046]; see *Mayfield* v. *Fidelity & Cas. Co.,* 16 Cal.App.2d 611, 617 [61 P.2d 83]; compare Code Civ. Proc., §§ 1853 and 1870, subd. 4.) We have also admitted hearsay declarations against interest when the declarant is neither deceased nor otherwise unavailable. (*Emery* v. *Pacific Employers Ins. Co., supra,* at pp. 673-674.)

The statutes do not exclude hearsay delcarations against penal interest. Their admissibility must therefore be determined in the light of the principle that "the purpose of all rules of evidence is to aid in arriving at the truth, [and] if it shall appear that any rule tends rather to hinder than to facilitate this result . . . it should be abrogated without hesitation." (*Williams* v. *Kidd,* 170 Cal. 631, 649 [151 P. 1, Ann. Cas. 1916E 703].)

When hearsay evidence is admitted it is usually because it has a high degree of trustworthiness. (*Lane* v. *Pacific Greyhound Lines,* 26 Cal.2d 575, 582 [160 P.2d 21]; *Mayfield* v. *Fidelity & Cas. Co.,* 16 Cal.App.2d 611, 617 [61 P.2d 83]; 5 Wigmore, *supra,* § 1420.) Thus, declarations against pecuniary or proprietary interest are admitted because they are unlikely to be false. (5 Wigmore, *supra,* §§ 1457-1475.) A declaration against penal interest is no less trustworthy. As we pointed out in *People* v. *One 1948 Chevrolet Conv. Coupe,* 45 Cal.2d 613, 622 [290 P.2d 538, 55 A.L.R.2d 1272], a person's interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that interest. Moreover, since the

[1]Section 1853 reads: "The declaration, act, or omission of a decedent, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest."

Section 1870, subd. 4 reads: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: . . . 4 . . . the act or declaration of a deceased person done or made against his interest in respect to his real property. . . ."

Section 1946, subd. 1 reads: "The entries and other writings of a decedent, made at or near the time of the transaction, and in a position to know the facts stated therein, may be read as prima facie evidence of the facts stated therein, in the following cases: 1. When the entry was made against the interest of the person making it. . . ."

conviction of a crime ordinarily entails economic loss, the traditional concept of a "pecuniary interest" could logically include one's "penal interest." (Compare the theory that admits a third person's confession of a crime on the ground that the crime was also a tort, thus subjecting the declarant to civil liability for damages, a pecuniary interest. E.g., *Weber* v. *Chicago R. I. & P. Ry. Co.*, 175 Iowa 358 [151 N.W. 852, 864, L.R.A. 1918A 926]; McCormick, *supra*, § 255, p. 549.) We have concluded, therefore, that the ruling of the trial court was erroneous insofar as it excludes hearsay declarations against penal interest. To the extent that it is contrary to this opinion, *People* v. *Hall*, 94 Cal. 595 [30 P. 7] is overruled.

The question remains whether the admissibility of hearsay declarations against interest depends on the unavailability of the declarant to testify at the trial.[2] If Mrs. Roland was deceased, insane, suffering from severe illness, absent from the jurisdiction, or otherwise unavailable as a witness,[3] such unavailability provided a necessity for the evidence, thus affording a basis for its admissibility in addition to the trustworthy character of the declaration. (See 5 Wigmore, *supra*, §§ 1420, 1421, 1456; McCormick, *supra*, 546, 554.) If she was available, however, the credibility of her extrajudicial statements would not be lessened by that fact. Furthermore, the opportunity for cross-examination would eliminate the basic objection to the hearsay character of the evidence. (See *People* v. *Gould*, 54 Cal.2d 621, 626-627 [7 Cal.Rptr. 273, 354 P.2d 865]; McCormick, *supra*, § 39, p. 74; 5 Wigmore, *supra*, § 1362; Morgan, *Hearsay Dangers and the Application of the Hearsay Concept*, 62 Harv.L.Rev. 177, 192-193.) Thus if Mrs. Roland had taken the witness stand and denied possession of the narcotics, her out-of-court declaration against interest would have been admissible to prove the truth of the matter stated (see *Emery* v. *Pacific Employers Ins. Co.*, *supra*, at pp. 673-674; *Thomas* v. *State*, 186 Md. 446 [47 A.2d 43, 45-46, 167 A.L.R. 390]; McCormick, *supra*, 554; Uniform Rules of Evidence, Rule 63(10); Model Code of Evidence, Rule 509; see also *Dodd* v. *Cantwell*, 179 Cal.App. 2d 727, 732 [4 Cal.Rptr. 113]; *Mayfield* v. *Fidelity & Cas.*

---

[2]The record does not disclose whether or not Mrs. Roland was available as a witness.

[3]If Mrs. Roland had taken the witness stand, but refused to testify regarding possession of narcotics, invoking her constitutional right not to incriminate herself, she would not have been available as a witness.

*Co.*, 16 Cal.App.2d 611, 617 [61 P.2d 83]) as well as to impeach her by a prior inconsistent statement (Code Civ. Proc., §§ 2049, 2052).[4] Thus, in the event of a retrial, defense counsel should be allowed to ask Officer Cochran the question objected to, whether or not the unavailability of Mrs. Roland is established.

▪ There is no merit to the contention that regardless of the hearsay issue the question was properly objected to for immateriality. The Attorney General contends that the question sought to establish ownership of the narcotics, and not possession, which is all that is needed for a violation of the statute. The question was whether Mrs. Roland stated that the narcotics "were hers." If she answered "yes," such evidence, although not conclusive, would clearly be material to the issue of possession. Had the officer been allowed to answer the question, further questions might have brought out that she meant that it was she who had possession. The hearsay objection, however, blocked further inquiry. Since the trial judge correctly applied the then existing law on the hearsay issue, rephrasing the question or making an offer of proof would have been fruitless. Defendant is therefore not precluded from raising the hearsay issue on appeal. (See *People* v. *Kitchens*, 46 Cal.2d 260, 262-263 [294 P.2d 17].)

Denying defendant the opportunity to establish that Mrs. Roland admitted possession of the heroin was prejudicial to him. With such an admission before it, there is a reasonable probability that the trial court would have believed defendant's testimony and would have concluded that the officer was mistaken and that it was Mrs. Roland, not defendant, who threw the heroin to the ground at the time of the arrest.

The judgment is reversed.

Gibson, C. J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment. See the opinion prepared by Mr. Presiding Justice Wood for the District Court of Appeal in *People* v. *Spriggs* (Cal.App.) 33 Cal.Rptr. 732.

Respondent's petition for a rehearing was denied March 25, 1964. McComb, J., was of the opinion that the petition should be granted.

---

[4]The declaration would also be admissible in a prosecution against Mrs. Roland as an admission of a party opponent. (Code Civ. Proc. § 1870, subd. 2; *People* v. *Wilkins*, 158 Cal. 530 [111 P. 612].)