[Crim. No. 11705. Second Dist., Div. Four. Oct. 18, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK ELWOOD GULLETT, Defendant and Appellant.

Bernard A. Leckie, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter R. Jones, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged, jointly with Rickey Lee Latino, with armed robbery, in violation of section 211 of the Penal Code. After a trial, both defendants were found guilty of robbery in the second degree, the jury finding "not true" the allegation that they were armed at the time of the offense.

On this appeal, counsel urges several grounds for reversal. Since we find that the trial court erroneously rejected one piece of evidence, and since we think that rejection prejudicial and requiring a reversal, we need not discuss the other alleged errors, which involve matters not likely to occur on a retrial.

At approximately 7 p.m. on March 17, 1965, two men approached a well lit drive-in dairy. Mrs. Anderson, the clerk, walked outside and, after some conversation, the two men and Mrs. Anderson walked in. One man, later identified as defendant, lifted his shirt and Mrs. Anderson observed a gun handle sticking out of his pants. The man identified as defendant said: "Ma'am, you put all that pretty little old money in that sack and you push that button, and I don't mean no alarm button, ma'am, nobody is going to get hurt." A customer came but Mrs. Anderson followed Latino's instructions to "get rid of those people." A second customer, Frazier, a deputy district attorney, drove up, left and returned. Frazier chased the suspects as they ran to the car. Frazier later

described the vehicle as dual colored, 1955 or 1957 Pontiac or Oldsmobile, license number OXW 458, with one color being a primer coat. Mrs. Anderson provided the investigating officer with the following descriptions: One person was a white male, about 24 years old, 5'7" tall, dark hair, small goatee. The second person, purportedly defendant, was described as being a white male, about 24 years old, 5'7" in height, sandy hair, speaking with a southern accent, wearing a dark checkered shirt, dark pants, possibly blue jeans. Later Mrs. Anderson testified that she did not report the height as 5'7" since she felt the suspects were more than 5'11". She recalled a slight beard but not a goatee, and she did not notice defendant's rings or tattoos. Frazier could not identify the defendants in court. Mrs. Anderson recognized defendant in a lineup; he mumbled his words and she did not recognize his voice.

The car described by Frazier belonged to defendant. Defendant's defense was a denial of participation and an alibi. In support of that defense, he produced testimony that he was dressed quite differently on the day of the robbery from the person identified as the robber, and that he had left his car at his girl friend's house and had not picked it up until after the time of the robbery. ▮ During the trial, defendant offered in evidence a note, purportedly written by his codefendant Latino, which note read as follows: "Frank, I took your car. I didn't think it would get you into trouble, but I pulled that job with Jim. Sorry, Rick."

Defendant offered to prove that he had found this note in his automobile the day after the robbery, that it was in Latino's handwriting, and that he had immediately turned it over to the police. The offer of proof and the note were rejected.

We think the exclusion was in error and that it was prejudicial.

▮ We hold that the note was admissible as a declaration against penal interest. (*People* v. *Spriggs* (1964) 60 Cal.2d 868 [36 Cal.Rptr. 841, 389 P.2d 377].) In the *Spriggs* case the defendant sought to introduce testimony from a police officer as to what a person said to him regarding the ownership of certain narcotics. The Supreme Court reversed the conviction on the ground that the police officer should have been permitted to state what was said; the court held that the hearsay rule does not preclude admission of a declaration against penal interest, because such a declaration is no less trustworthy than declarations against pecuniary interest or propri-

etary interest. (See also *People* v. *Parriera* (1965) 237 Cal.App.2d 275 [46 Cal.Rptr. 835].)

Plaintiff argued, and the lower court apparently agreed, that the case at bench is distinguishable from the *Spriggs* case in that the note from Latino lacks the reliability and trustworthiness that existed in the declaration in the *Spriggs* case. The People base this conclusion on the assertion that there is a fundamental difference between a crime where there is only one possible perpetrator, as in *Spriggs,* or multiple perpetrators, as in the instant case. ■ Plaintiff argues that where there is a codefendant who is already involved in the litigation he is not voluntarily exiting from a position of non-implication to one of implication and therefore his declarations incriminating himself are not trustworthy. We do not find this argument to be valid. Whether a note was written by a codefendant, or a third party, in itself would not necessarily bear on the admissibility or nonadmissibility of a declaration tending to incriminate the speaker. The significant test would be the degree of reliability or trustworthiness of such a declaration regardless of who is the declarant. ■ Here, the incriminating note was written, found and delivered to the police while the case was still in the investigatory stage and before either defendant or Latino had been charged. Whether or not it was sufficient to exonerate defendant was a matter going to its weight, not to its admissibility.

■ The Attorney General argues, also, that the case at bench is analogous to *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265]. The argument is that, whether offered by the prosecution or by a codefendant, a confession must be subjected to the safeguards therein prescribed. We see nothing in *Aranda* which restricts the right of a defendant—''co'' or otherwise—to offer evidence which exculpates himself; the limitations of *Aranda* are on the prosecution, not the defense.

■ Finally, the People argue that the exclusion, even if erroneous, was not prejudicial. We disagree. The sole defense was that someone had used defendant's car, without his knowledge or consent, to commit the robbery in question. The identification admittedly was weak; the alibi, coming from defendant, his family and intimates, was open to doubt; the story told by defendant to account for his car was one which did not inspire great belief, but it was not impossible. Under these circumstances, we cannot say that the note, found when and as it was, and tending as it did to corroborate defendant's

story, might not have swayed the jury in his favor. Tested either by *Fahy* v. *Connecticut* (1963) 375 U.S. 85 [11 L.Ed.2d 171, 84 S.Ct. 229], or by *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243],[1] the exclusion was prejudicial.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.

---

[1]Consult, also *People* v. *Helms* (1966) 242 Cal.App.2d 476 [51 Cal. Rptr. 484].