■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN BARCIA and JOHN MANN, Respondents.— Appeal by the People from an order of the County Court, Westchester County, dated December 1, 1969, which granted defendants' motion to vacate a search warrant and to suppress evidence. Order reversed, on the law and the facts, and motion denied. Defendants were arrested for criminal possession of narcotics and a dangerous weapon found in defendant Barcia's apartment pursuant to the search warrant, which was issued on the affidavit of the Elmsford Chief of Police. The affidavit incorporated into it a statement by an informer. The County Court ruled that the affidavit was insufficient because it failed to state that the informant was reliable, as is required under the test established by the Supreme Court of the United States in *Aguilar* v. *Texas* (378 U. S. 108) and reaffirmed in *Spinelli* v. *United States* (393 U. S. 410). The statement of the informant was made by her after she was arrested for unlawful possession of a hypodermic needle and informed of her rights, and while she was in custody. She stated therein that she was a heavy narcotics user, that defendant Barcia was her supplier, that he kept " the stuff " in his apartment, and that she hated him and hoped he would be caught. The statement was against the informant's own penal interest. The nature of the statement and the circumstances under which it was taken seem to imply the needed reliability sought by the Supreme Court, sufficient to create probable cause to issue a search warrant. In *Spinelli* (*supra*), the degree of reliability is stated to be information sufficient to enable the issuing officer to know that he was relying on more than casual rumor or general reputation. That requirement has been satisfied at bar. Munder, Christ and Brennan, JJ., concur; Shapiro, J., dissents and votes to affirm the order, with the following memorandum, in which Rabin, P. J., concurs: The search warrant was issued

on the basis of the unsigned statement of a named informant following her arrest for criminal possession of a hypodermic instrument. The statement indicated that the informant was a heroin addict and that defendant Barcia was her supplier. It stated that Barcia kept the heroin in his apartment and set forth details of his operation. No attempt was made by the officers to corroborate the information received. The issue before us is whether the informant's statement satisfied the two-pronged test of *Aguilar* v. *Texas* (378 U. S. 108, 114) that some underlying circumstances be shown which establish the informant's reliability and also a basis for a belief in the credibility of his information. I agree with the majority that the detailed nature of the statement, based upon the informant's personal knowledge, provided a sufficient basis for a belief in the credibility of the information (cf. *Spinelli* v. *United States*, 393 U. S. 410; *Draper* v. *United States*, 358 U. S. 307). However, no showing has been made of the informant's reliability (cf. *Whiteley* v. *Warden*, 401 U. S. 560). I cannot agree with the majority's conclusion that the informant's statement was against her penal interest and that she can therefore be deemed reliable. The only portions of the statement which were against her penal interest were the admissions that she was a heroin user and that Barcia was her supplier. The balance of the statement consists of charges against Barcia unrelated to the informant's penal interest. In the recent case of *People* v. *Brown* (26 N Y 2d 88), relied upon by the People for the proposition that statements against penal interest are admissible, the defendant, who had been convicted of murder in the second degree, raised the defense of self-defense. Seals, called as a defense witness, refused to testify and claimed privilege. The Court of Appeals held that the defense should have been permitted to introduce Seals' prior statement to the effect that he had picked up a gun from the floor after the shooting, which he later used in the commission of another crime. This statement, which was clearly against Seals' penal interest, would have tended to prove that the decedent had been armed and, hence, might have afforded a basis for a finding of self-defense. In *People* v. *Spriggs* (60 Cal. 2d 868), relied on by the Court of Appeals in *Brown* (*supra*), the defendant had been convicted of possession of heroin. He had been standing with Mrs. Roland near where the heroin was found. A police officer testified that the defendant had thrown the heroin behind a bush. The defendant denied it. The court held that Mrs. Roland's admission to a police officer that the heroin was hers should have been received in evidence, since, as an admission against her penal interest, it was surrounded by an aura of trustworthiness. In this case, the informant's statement insofar as it implicated defendant Barcia was not against her penal interest. She did not subject herself to any criminal liability by implicating Barcia. The basis for the admission of the statements in *Brown* and *Spriggs* was the likelihood that a person would not falsely implicate himself in a crime. Here, however, the informant's accusations against Barcia do not implicate *her* in any crime. Hence, her unsigned and unsworn statement does not possess that high degree of trustworthiness which would afford a basis for a well grounded belief in her reliability.