*306 SIMONS, J.,
Concurring.—I agree not only with the result reached by my colleagues in the majority, but also with their analysis of governing California Supreme Court precedent. I write separately in order to critique that precedent, which I believe has created an unjustified extra “reliability” requirement to admissibility under Evidence Code section 1230,[1] the declaration against interest exception to the hearsay rule. (See, e.g., People v. Grimes (2016) 1 Cal.5th 698, 711 [207 Cal.Rptr.3d 1, 378 P.3d 320] (Grimes) [the proponent of admission of evidence under the exception “ ‘must show that the declarant is unavailable, that the declaration was against the declarant’s penal interest when made and that the declaration was sufficiently reliable to warrant admission despite its hearsay character ” (italics added)].) I concur because Auto Equity compels the result in the majority opinion. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
Section 1230 provides that “a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, ... so far subjected him to the risk of civil or criminal liability, . . . that a reasonable man in his position would not have made the statement unless he believed it to be true.” As with every exception to the hearsay rule, this provision has a built-in assurance of reliability: The statement must be “ ‘truly against interest’ ” to be “ ‘sufficiently trustworthy to be admissible.’ ” (People v. Geier (2007) 41 Cal.4th 555, 584 [61 Cal.Rptr.3d 580, 161 P.3d 104] (Geier).) However, the statute does not provide that in addition to determining whether the statement is truly against interest the court must engage in a separate evaluation of whether the statement is trustworthy or reliable. That task effectively substitutes the trial court for the jury as the evaluator of the hearsay declarant’s credibility.
In People v. Spriggs (1964) 60 Cal.2d 868 [36 Cal.Rptr. 841, 389 P.2d 377], our Supreme Court relied on substantial academic support to apply the declaration against interest hearsay exception to penal as well as pecuniary interests. At that time, only a minority of American jurisdictions agreed. Spriggs concluded expanding the exception was consistent with “ ‘the purpose of all rules of evidence ... to aid in arriving at the truth.’ ” (Id. at p. 874.) “[Declarations against pecuniary or proprietary interest are admitted because they are unlikely to be false. [Citation.] A declaration against penal interest is no less trustworthy.” (Ibid.; see also Grimes, supra, 1 Cal.5th at p. 711 [quoting Spriggs and stating “the rationale underlying the exception is that ‘a person’s interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that interest,’ thereby mitigating the dangers usually associated with the admission of out-of-court *307 statements”].) In 1965, the Evidence Code was adopted, and it followed Spriggs in admitting declarations against penal interest.[2]
One major concern with this hearsay exception relates to self-serving or collateral statements included in a challenged declaration. For example, if A, a coparticipant with a defendant in a crime, told the police he and the defendant committed it, could that statement be admitted against the defendant if A was unavailable to testify? Or, if A, instead of incriminating himself and the defendant, took full responsibility and exonerated the defendant, could the defense gain admission of the statement? In People v. Leach (1975) 15 Cal.3d 419, 440 [124 Cal.Rptr. 752, 541 P.2d 296], the Supreme Court noted that our Evidence Code was ‘“silent on the subject” of collateral assertions within declarations against interest, but went on to conclude that section 1230 is ‘“inapplicable to evidence of any statement or portion of a statement not itself specifically disserving to the interests of the declarant.” (Leach, at p. 441; accord, People v. Duarte (2000) 24 Cal.4th 603, 612 [101 Cal.Rptr.2d 701, 12 P.3d 1110] (Duarte).) Thus, under Leach, a copartici-pant’s statements are only admissible to the extent they are specifically disserving to the coparticipant’s interests. Applying Leach, the Supreme Court in Duarte held the trial court erred in admitting against the defendant portions of a coparticipant’s declaration that were not specifically disserving to the declarant’s interests. (Duarte, supra, 24 Cal.4th at pp. 612-613.) Furthermore, California appellate courts have frequently found inadmissible portions of coparticipant statements exonerating defendants because the excluded portions were not specifically disserving. (See, e.g., People v. Lawley (2002) 27 Cal.4th 102, 153-154 [115 Cal.Rptr.2d 614, 38 P.3d 461] (Lawley) [defendant charged with hiring X to murder defendant’s wife; trial court properly rejected the defendant’s attempt to introduce statement of X that Aryan Brotherhood hired X to kill the victim].)
The ‘“specifically disserving” test has remained the criterion for determining if a challenged statement is ‘“truly” against the declarant’s penal interest.[3] Where a coparticipant’s statement to the police shifts responsibility to the defendant and away from the declarant or appears to be designed to curry *308 favor with the authorities, it is unlikely to pass muster. “Even a hearsay statement that is facially inculpatory of the declarant may, when considered in context, also be exculpatory or have a net exculpatory effect.” (Duarte, supra, 24 Cal.4th at p. 612.) The determination whether a statement is specifically disserving “necessarily depends upon a careful analysis of what was said and the totality of the circumstances.” (People v. Greenberger (1997) 58 Cal.App.4th 298, 335 [68 Cal.Rptr.2d 61].)
In People v. Frierson (1991) 53 Cal.3d 730, 745 [280 Cal.Rptr. 440, 808 P.2d 1197] (Frierson), the Supreme Court stated that the “focus” of the declaration against interest exception is “the basic trustworthiness of the declaration.” But the court also clarified that where “a statement is truly against interest within the meaning of’ section 1230, the statement “is sufficiently trustworthy to be admissible.” (Frierson, at p. 745.) Frierson further explained that in determining admissibility under section 1230, a trial court must “ ‘apply to the peculiar facts of the individual case a broad and deep acquaintance with the ways human beings actually conduct themselves in the circumstances material under the exception.’ ” (Frierson, at p. 745, quoting People v. Gordon (1990) 50 Cal.3d 1223, 1251 [270 Cal.Rptr. 451, 792 P.2d 251].) In deciding if a challenged declaration is specifically disserv-ing, courts should consider not only the actual words spoken, but to whom they were addressed, and whether the declarant was serious, joking, bragging, or seeking to curry favor. (See Frierson, at p. 745.) A trial court should also consider the declarant’s custodial status: For example, one serving a life term in prison without the possibility of parole who takes full responsibility for a defendant’s crime seems to suffer no detriment from his statement. Each of these factors focuses on the context in which the challenged declaration was uttered and helps determine if it is “truly” against interest.
Frierson acknowledged “the general suspicion with which the law looks upon” declarations against penal interest. (Frierson, supra, 53 Cal.3d at p. 746.) Indeed, in doing so the court noted that the analogous exception in the Federal Rules of Evidence expressly requires “ ‘corroborating circumstances’ ” indicating the “ ‘trustworthiness of the statement.’ ” (Frierson, at pp. 745-746.)[4] Although Frierson did not suggest section 1230 contained any *309 such requirement, subsequent Supreme Court cases have added such a requirement—in essence an overarching reliability test focusing on general credibility—without any basis in the language of section 1230. It appears the first decision to expressly do so was People v. Cudjo (1993) 6 Cal.4th 585, 607 [25 Cal.Rptr.2d 390, 863 P.2d 635], which cited only Frierson for the following, oft-repeated articulation of the declaration against interest exception: “A party who maintains that an out-of-court statement is admissible under this exception as a declaration against penal interest must show that the declarant is unavailable, that the declaration was against the declarant’s penal interest, and that the declaration was sufficiently reliable to warrant admission despite its hearsay character.” (Italics added.) The Supreme Court then repeated the same formulation in People v. Lucas (1995) 12 Cal.4th 415, 462 [48 Cal.Rptr.2d 525, 907 P.2d 373]; Duarte, supra, 24 Cal.4th at pages 610-611; Geier, supra, 41 Cal.4th at page 584; Grimes, supra, 1 Cal.5th at page 711; and numerous other cases. But, as demonstrated, Frierson did not articulate an overarching reliability test. Instead, Frierson held that a statement that is “truly against interest ... is sufficiently trustworthy to be admissible.” (Frierson, at p. 745.) The decision in Cudjo did not acknowledge that it added to Frierson’s test of admissibility, much less did it attempt to demonstrate how the addition was grounded in the language of section 1230.
The overarching reliability test added by Cudjo and carried over into subsequent Supreme Court cases has affected the high court’s analysis in this area. People v. Masters (2016) 62 Cal.4th 1019, 1054-1058 [199 Cal.Rptr.3d 85, 365 P.3d 861] (Masters), presents a clear example. There, the defendant was charged with the murder of a prison guard. (Id. at p. 1026.) The trial court excluded as hearsay a statement made by another inmate (Richardson) that implied the defendant was not involved in planning the crime. {Id. at p. 1054.) The trial court rejected the applicability of the declaration against penal interest exception because at the time Richardson made the statements “he was advised they would not, and could not, be used against him.” (Id. at p. 1056.) The California Supreme Court called that ruling “questionable,” citing both federal and California precedent. (Ibid.) The high court then went on to conclude that even if the trial court were wrong and the statements did qualify as against Richardson’s penal interest, the trial court was correct in excluding them on the basis the statements were “insufficiently trustworthy and therefore unreliable.” (Id. at p. 1057.) The Supreme Court’s analysis effectively turned the evaluation of the statements’ context into a full-scale consideration of the declarant’s credibility.
*310 Masters noted there was a “significant passage of time” between the incident and the time the statements were made. (Masters, supra, 62 Cal.4th at p. 1057.) Although that is certainly “a relevant circumstance to be considered when determining a statement’s reliability” {ibid.), the court did not suggest the timing of the statements was relevant to an analysis of whether they were specifically disserving to Richardson’s penal interest. Instead, the timing reflected only on Richardson’s overall credibility, because it meant he had “ample opportunity to learn the details from other inmates.” {Ibid.) The court also stated that “Richardson’s status as a convicted felon was another possible factor upon which the trial court could have relied upon in determining that his statements were incredible and therefore unreliable.” {Ibid.) This is certainly a factor the trier of fact may take into account in evaluating credibility. (See § 788 [“For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony . . . .”].) And, under section 1202, the prosecution would have been entitled to introduce evidence of the conviction to impeach the hearsay declarant if the trial court had admitted the statement.[5] But, as Masters implicitly recognized, this has nothing to do with deciding whether a statement is specifically disserving. Given the express language in section 1230, Richardson’s conviction should not have impacted the statement’s admissibility as a declaration against interest, but only its weight.
Masters is by no means the only decision by the California Supreme Court to apply an overarching reliability test. Like Masters, People v. McCurdy (2014) 59 Cal.4th 1063, 1108-1109 [176 Cal.Rptr.3d 103, 331 P.3d 265] articulated the test and applied it to exclude hearsay statements exculpating the defendant, even though it was undisputed the statements were against the declarant’s penal interest. The court reasoned the statements were “unreliable,” in part because the declarant promptly recanted. (Id. at p. 1109.) In Geier, supra, 41 Cal.4th 555, the court did the same, upholding the exclusion of a statement by the victim’s wife that she killed the victim. (Id. at p. 585.) The court reasoned that the declarant had given three “inconsistent” statements, “rendering the reliability of any of the statements questionable.” {Ibid.) Although other statements by a declarant inconsistent with a statement specifically disserving his or her interest should affect the weight of the hearsay (see § 1202; see also § 780, subd. (g)), such inconsistent statements *311 should not act as a bar to admissibility. Neither Masters nor McCurdy nor Geier explained how excluding statements specifically disserving to a de-clarant’s penal interest on the ground of general reliability is consistent with the language of section 1230.[6]
The overarching reliability test should be rejected. As already noted, nothing in the language of section 1230 justifies it. In this regard, the declaration against interest hearsay exception is no different than the exceptions for spontaneous declarations (§ 1240),[7] contemporaneous declarations (§ 1241),[8] and dying declarations (§ 1242).[9] The assurance of trustworthiness for each is implicit in the elements of the exception, and once those elements have been established there is no overarching reliability test that may be applied to exclude otherwise admissible statements.[10] On the other hand, *312 there are a number of hearsay exceptions that do have an express statutory trustworthiness requirement. With these exceptions, even after determining the other elements have been established, the trial court must assess the reliability of the hearsay declaration before admitting it. For example, section 1250 (statement of declarant’s then existing mental or physical state),[11] section 1251 (statement of declarant’s previously existing mental or physical state),[12] section 1271 (the business records exception),[13] and section 1280 (the official records exception),[14] so provide. Clearly the Legislature knows how to impose an overarching reliability test if it desires to do so. (See In re Jennings (2004) 34 Cal.4th 254, 273 [17 Cal.Rptr.3d 645, 95 P.3d 906] [“ ‘It is a settled rule of statutory construction that where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a *313 different legislative intent existed with reference to the different statutes.’ ”].)[15] The long-standing inclusion of an express trustworthiness requirement in the federal hearsay exception for declarations against interest further highlights the absence of a similar provision in the text of section 1230. (See Fed. Rules Evid., rule 804(b)(3), 28 U.S.C.)
Rejection of the overarching reliability test is consistent with the Evidence Code’s allocation of responsibility for evaluating the credibility of a live witness or a hearsay declarant to the jury. (§ 312, subd. (b) [“Subject to the control of the court, the jury is to determine the effect and value of the evidence addressed to it, including the credibility of witnesses and hearsay declarants”].) It may be that, in the context of this exception, the federal rule is better, or it would be better to have an express trustworthiness requirement, as is the case with many other California hearsay exceptions. But that is not the rule prescribed by the Legislature. In the absence of specific statutory authorization, trial courts should not expand their role from evaluating the nature of the declaration to evaluating the general credibility of the declarant. Unless and until our Supreme Court reverses course, trial courts will continue to do so.
Appellant’s petition for review by the Supreme Court was denied July 12, 2017, S241799. Corrigan, J., was of the opinion that the petition should be granted.

 All undesignated statutory references are to the Evidence Code.

 The Evidence Code also required that the declarant be unavailable, though Spriggs had not done so. (People v. Spriggs, supra. 60 Cal.2d at pp. 875-876.)

 In Grimes, supra. 1 Cal.5th 698, the California Supreme Court discussed the “origins and purpose” of the Leach rule in depth, noting that “the proper application of the Leach rule appears to have generated some confusion.” (Grimes, at p. 713.) It is not necessary for purposes of this concurrence to discuss Grimes’s teachings regarding the Leach rule. Although the decision arguably changes how the “specifically disserving” test is applied to collateral statements (see Grimes, at pp. 713-717), I do not understand Grimes to suggest that whether a statement was specifically disserving to the declarant’s interest is no longer central to determining admissibility. (But see Grimes, at p. 745 (cone. & dis. opn. of Cantil-Sakauye, C. J.) [“The majority’s expansion of the against-interest exception represents a significant and, in my view, misguided shift in our interpretation of . . . section 1230.”].)

 The Federal Rules of Evidence provide a hearsay exception for a statement from an unavailable declarant that “(A) a reasonable person in the declarant’s position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant’s proprietary or pecuniary interest or had so great a tendency to invalidate the declarant’s claim against someone else or to expose the declarant to civil or criminal liability; and [¶] (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.” (Fed. Rules Evid., rule 804(b)(3), 28 U.S.C; see also Mendez, Hearsay and Its Exceptions: Confonning the Evidence Code to the Federal Rules (2003) 37 U.S.F. L.Rev. 351, 392 [noting difference in corroboration requirement between the California Evid. Code and the *309 Federal Rules of Evidence].) At the time Frierson was decided, the corroboration requirement only applied to a statement “offered to exculpate the accused.” (Fed. Rules Evid., former rule 804(b)(3), 28 U.S.C.; Frierson, supra. 53 Cal.3d at p. 746.)

 Section 1202 provides, “Evidence of a statement or other conduct by a declarant that is inconsistent with a statement by such declarant received in evidence as hearsay evidence is not inadmissible for the purpose of attacking the credibility of the declarant though he is not given and has not had an opportunity to explain or to deny such inconsistent statement or other conduct. Any other evidence offered to attack or support the credibility of the declarant is admissible if it would have been admissible had the declarant been a witness at the hearing. For the purposes of this section, the deponent of a deposition taken in the action in which it is offered shall be deemed to be a hearsay declarant.”

 Numerous other California Supreme Court cases have recited Cudjo’s formulation of the hearsay exception incorporating an overarching reliability test, without applying the test to exclude a statement specifically disserving to a declarant’s penal interest. For example, in Lawley, supra, 27 Cal.4th at pages 153-154, the court quoted the formulation of the exception including the reliability test, but approved the exclusion of portions of a statement offered by the defendant that were not specifically disserving to the declarant’s interest. In Duarte, supra, 24 Cal.4th at pages 610-613, the court recited the test but reversed the trial court’s decision to admit portions of a statement incriminating the defendant that were not specifically disserving to the declarant’s interest.

 Section 1240 provides, “Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception.”

 Section 1241 provides, “Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Is offered to explain, qualify, or make understandable conduct of the declarant; and [¶] (b) Was made while the declarant was engaged in such conduct.”

 Section 1242 provides, “Evidence of a statement made by a dying person respecting the cause and circumstances of his death is not made inadmissible by the hearsay rule if the statement was made upon his personal knowledge and under a sense of immediately impending death.”

 To be clear: Section 352 may be utilized to exclude otherwise admissible hearsay, but the court may not consider the declarant’s credibility when weighing probative value. (See Vorse v. Sarasy (1997) 53 Cal.App.4th 998, 1007-1013 [62 Cal.Rptr.2d 164].) It is also worth pointing out that the spontaneous and dying declaration exceptions have been the subject of substantial academic criticism on the ground that the requirements for admission of hearsay under the exceptions provide insufficient guarantees of trustworthiness. For example. Professor Richard D. Friedman refers to the “rather bizarre logic of the dying declaration exception.” (Friedman, The Elements of Evidence (3d ed. 2004) p. 332.) The reliability theory behind the spontaneous declaration exception “has been questioned on grounds that excitement, while it suspends fabrication, may also weaken the ability to perceive and report the event accurately.” (Park et al., Evidence Law: A Student’s Guide to the Law of Evidence as Applied in American Trials (3d ed. 2011) § 9.04, p. 298.) The authors further observe, there is “convincing experimental support for this criticism.” (Ibid.) Nevertheless, the courts have not added an overarching reliability test to the admissibility requirements under those exceptions. This further demonstrates the arbitrariness of adding such a test for the admissibility of hearsay under the declaration against interest exception.

 Section 1250 provides, “(a) Subject to Section 1252, evidence of a statement of the declarant’s then existing state of mind, emotion, or physical sensation (including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health) is not made inadmissible by the hearsay rule when: [¶] (1) The evidence is offered to prove the declarant’s state of mind, emotion, or physical sensation at that time or at any other time when it is itself an issue in the action; or [¶] (2) The evidence is offered to prove or explain acts or conduct of the declarant. [¶] (b) This section does not make admissible evidence of a statement of memory or belief to prove the fact remembered or believed.” Section 1252 provides, “Evidence of a statement is inadmissible under this article if the statement was made under circumstances such as to indicate its lack of trustworthiness.” (See People v. Riccardi (2012) 54 Cal.4th 758, 821 [144 Cal.Rptr.3d 84, 281 P.3d 1], overruled on another ground in People v. Rangel (2016) 62 Cal.4th 1192, 1216 [200 Cal.Rptr.3d 265, 367 P.3d 649] [describing § 1252 as a “trustworthiness requirement”].)

 Section 1251 provides, “Subject to Section 1252, evidence of a statement of the declarant’s state of mind, emotion, or physical sensation (including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health) at a time prior to the statement is not made inadmissible by the hearsay rule if: [¶] (a) The declarant is unavailable as a witness; and [¶] (b) The evidence is offered to prove such prior state of mind, emotion, or physical sensation when it is itself an issue in the action and the evidence is not offered to prove any fact other than such state of mind, emotion, or physical sensation.” (See also § 1252 [trustworthiness requirement].)

 Section 1271 provides, “Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶] (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness.”

 Section 1280 provides, “Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: [¶] (a) The writing was made by and within the scope of duty of a public employee. [¶] (b) The writing was made at or near the time of the act, condition, or event. [¶] (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness.”

 In this context, the California Supreme Court has treated the concepts of reliability and trustworthiness as interchangeable. (See, e.g.. People v. Cudjo, supra, 6 Cal.4th at p. 607 [requiring proponent of hearsay to show statement is “sufficiently reliable to warrant admission” and then describing that showing as a “required threshold of trustworthiness”].)