Larry M. Vetrano, J.
In this coram nobis proceeding instituted 33 years after conviction, the petitioner, hereinafter referred to as the defendant, moves to set aside and vacate the judgment of conviction on two grounds: (1) that the pretrial identification procedure was so prejudicial as to taint the in-court identification and deprive the defendant of due process of law, and (2) that a subsequent confession by a third person absolved the defendant of the crime charged.
The defendant and a codefendant, one Joseph Pepe, were found guilty on March 31,1937, after a trial by jury, of robbery in the first degree while armed, grand larceny in the first degree, and assault in the second degree, committed on March 9, 1937. On April 12, 1937 the defendant was sentenced to a term of 20 to 40 years in prison. The judgment of conviction was unanimously affirmed by the Appellate Division on December 3, 1937 (253 App. Div. 724). The defendant was imprisoned until 1950, when he was released on parole. The parole was terminated in 1961 and his sentence has been served. [Matter dealing with pretrial identification procedure omitted.]
*21 The second ground urged by the defendant is that a statement made by one Salvatore Gati, absolving the defendant from the crime charged, was admissible in evidence in the coram nobis proceeding as a declaration against penal interest, and he relies on People v. Brown (26 N Y 2d 88).
Gati'was arrested on October 19,1937 on a charge of murder, thereafter convicted, and sentenced to death and electrocuted on January 5, 1939.
On the hearing, the defendant’s attorney testified that in about November, 1938, a detective attached to the Poplar Street Precinct voluntarily informed him that Gati possessed information relating to this defendant’s case. On December 1, 1938 the attorney wrote to Gati requesting any information that would be helpful to his client. The letter went unanswered. However, the lawyer did receive a telephone call from a woman who identified herself as Gati’s sister. She stated that if he tried to get her brother to confess to a crime, she would come down to the office and kill him. After that conversation he did not attempt to communicate with Gati.
On January 5, 1939 Gati wrote and signed a two-page statement which was witnessed by the Chaplain and the Warden of Sing Sing Prison, implicating himself and absolving the defendant of the crime for which the defendant had been convicted and was then serving his sentence. Gati declared: ‘ ‘ that Anthony Riccardi if he was convicted of the crime that took on March 9 or 10 of a pawn shop on Myrtle Ave. and Navy Street Brooklyn N. Y. at about 10 a.m. he or any one else that is convicted of that crime is innocent — for I was one of the men who held it up and know the others were never caught ” (emphasis supplied*). A few minutes after making the statement Gati was electrocuted.
The prison Chaplain turned the statement over to the Warden and it was placed in Gati’s file. On January 18,1939 the Chaplain wrote a letter to the defendant’s attorney informing him of the statement and that a copy could be obtained from the Warden. The statement was produced at the hearing and received subject to subsequent ruling by the court as to its admissibility.
It was formerly the law in this State that a declaration against penal interest was not admissible in a criminal proceeding as an exception to the exclusionary hearsay rule (Greenfield v. People, 85 N. Y. 75; Kittredge v. Grannis, 244 N. Y. 168, 175, *22 176; Richardson, Evidence [9th ed.], §§ 241, 348). The same rule prevailed in the Federal courts (Donnelly v. United States, 228 U. S. 243).
In People v. Brown (26 N Y 2d 88, supra), decided on January 21, 1970, ¡the old rule against the admissibility of declarations against penal interest was abandoned. The court stated (p. 94): “ The rule in New York should be modernized to hold that an admission against penal interest will be received where material and where ¡the person making the admission is dead, beyond the jurisdiction and thus not available; or where he is in court and refuses to testify as to the fact of the admission on the ground of self incrimination.”
The court in Brown equated declarations against penal interests with those against pecuniary interests, stating that the distinctions between the two did not “ withstand analysis ” (p. 91). Thus, although the court set forth no guidelines, with proper modification, in order that a declaration against penal interest -be received in evidence, it must appear (1) the declarant is dead, beyond the jurisdiction of the court and not available, or where he is in court he refuses to testify as to the fact of the admission on the ground of self incrimination; (2) that the declaration when made was against the penal interest of the declarant; (3) that the declarant had competent knowledge of the facts; and (4) that there were no probable motives to misrepresent the facts (Richardson, Evidence [9th ed.], § 238; People v. Brown, supra, p. 94). In a criminal case there is a fifth requisite; there must be other evidence in the case establishing the existence of the declarant and connecting him with the commission of the crime (People v. Brown, supra; People v. Spriggs, 60 Cal. 2d 868; dissenting opinion of Mr. Justice Holmes in Donnelly v. United States, 228 U. S. 243, supra; Fine, Declarations Against Penal Interest, 21 Syracuse L. Rev. 1095, 1104, 1110, 1130).
The underlying reasons for admitting a declaration against penal interest as an exception to the hearsay rule are necessity and “ circumstantial probability of trustworthiness ” (Richardson, Evidence [9th ed.], § 237). The rationale of the new rule was stated by the California court (People v. Spriggs, 60 Cal. 2d 868, 874, supra): “ a person’s interest against being criminally implicated gives reasonable assurance of the veracity of his statement made against that [penal] interest.” Unavailability by reason of death or otherwise in and of itself is not the test (Ellwanger v. Whiteford, 15 A D 2d 898, affd. 12 N Y 2d 1037). The court must be able to conclude that the state *23 ment is against penal interest and that there is a sufficient " probability of trustworthiness ” to fit the hearsay exception before it is received in evidence.
There must be an awareness by the declarant at the time of the making of the statement that it will render him subject to criminal prosecution to give the statement the inherent “ probability of trustworthiness ” (Richardson, Evidence [9th ed.], § 244). The declaration by a convicted murderer a few minutes before electrocution does not meet that test. He was then aware that he could not be prosecuted for the crime in which he was implicating himself and exonerating another. Absent the necessary awareness, the statement lacks reliability.
In addition, the declarant knew at least a month before the making of the declaration -that information was sought from him, yet he did nothing. His statement made after he had ample time to reflect upon a course of action should be treated with suspicion, entirely apart from the question of whether the declaration of a convicted murderer about to die should be regarded as sufficiently trustworthy in a post-conviction proceeding.
There is no independent evidence apart from the declaration establishing Gati’s connection with the commission of the crime. The fact that the trial record indicates that, while two men were convicted, there were probably three who participated in the holdup, is not the other independent evidence contemplated. The third man may have been someone other than Gati.
The reasoning of the court in United States v. Dovico (380 F. 2d 325, cert. den. 389 U. S. 944), a post-conviction proceeding is persuasive. In that case the declarant, originally a codefendant who had pleaded guilty, made a statement to a cellmate, while serving his sentence, that the declarant had placed a container of cocaine in a trash receptacle for delivery to a purchaser; that Dovico was innocent and that declarant had committed the crime without Dovico’s knowledge. The declarant had further stated that he had not testified because of fear of prosecution. The declarant subsequently died. In holding that the statement was not a declaration against penal interest, •the court said (p. 327): “ He [declarant] could not be prosecuted for the ‘ declaration against penal interest.’ He had not testified at the trial and was not exposed to any possible perjury charge. * * * Even a broadened penal interest exception must have some boundaries and must be limited at least to statements admitting a particular crime for which prosecution is possible at the time.”
*24 The statement made by Gati is not admissible as a declaration against penal interest when measured by the applicable set of criteria.
Assuming arguendo that the statement, nevertheless, is admissible in evidence in the interests of justice or on a theory of the existence of special circumstances (Hines v. Commonwealth, 136 Va. 728; People v. Lettrich, 413 Ill. 172), the question remains whether, as defendant contends, People v. Brown (26 N Y 2d 88, supra) should be given retroactive effect.
If the court were dealing with a constitutional rule of criminal procedure, the criteria set forth in Stovall v. Denno (388 U. S. 293, 297) would be applicable (People v. Bailey, 21 N Y 2d 588, 596-597). The new rule in Brown represents a change in a rule of evidence with respect to hearsay. There is no change in constitutional interpretation; nor is there involved a constitutional rule of criminal procedure (People v. Kaiser, 21 N Y 2d 86, 97). Refusal to receive the statement in evidence will not violate any constitutional right of the defendant; nor will it have any effect on the ‘ ‘ ‘ integrity of the fact-finding process ’ (Linkletter v. Walker [381 U. S. 618]) ” (People v. Kaiser, supra, p. 98).
The court concludes that no provision of the Constitution mandates the receipt in evidence of the Gati statement, or that the Brown rule should be given retroactive application in a coram nobis proceeding.
Accordingly, the motion is denied in its entirety.

 The court in passing notes that two men were actually tried and convicted in this case.