Cooke, J.
(concurring). I concur in the result and vote for reversal and for remittal to the Appellate Division to consider the appeal on the facts (CPL 470.40, subd 2, par [b]).
I agree with the majority that the testimony given at defendant’s police department disciplinary hearing by Thelma Bodrick, who died prior to trial, was not admissible under CPL 670.10. I disagree with the majority’s conclusion "that the admission of Bodrick’s testimony was harmless error.” It was not error, harmless or otherwise, to admit it, since it was properly receivable as a declaration against penal interest (People v Brown, 26 NY2d 88).
In Brown (supra), it was held that a declaration of a third person offered by defendant as a declaration against interest, in an effort to exculpate, was admissible. Brown having been decided as it was, there is no reason, logical or otherwise, why such proof, satisfying all necessary requirements of such a declaration, as here, should not be received when offered by the prosecution to incriminate defendant. (See People v Spriggs, 60 Cal 2d 868; Federal Rules of Evidence, rule 804, subd [b], par [3]; National Conference of Comrs. on Uniform State Laws, Uniform Rules of Evidence, rule 63, subd [10]; McCormick, Evidence [2d ed], § 278.)
In referring generally to the elements essential for this exception to the hearsay rule Dean Prince states: "In order that a declaration against interest may be received in evidence, it must appear that: 1. The declarant is unavailable; 2. The declaration when made was against the pecuniary, proprietary or penal interest of the declarant; 3. The declarant had competent knowledge of the facts; and 4. There was no probable motive to misrepresent the facts” (Richardson, Evidence [10th ed], § 257, pp 224-225; see, also, Fisch, New York Evidence, § 892).
The demise and consequent unavailability of the witness is not disputed. That Bodrick’s account at the departmental hearing was against her penal interest is obvious from an examination of the record. Among other things, she related that she picked up numbers, single action, for Leroy Massey in a policy operation; that in July, 1969, she was talking to a man and wrote a number on a piece of paper; that she was *136 approached by defendant, a police lieutenant, and, being asked by him to remove the contents of her pocket, gave over a pad or policy slip with three numbers; that her instructions were that she was to get in touch with Massey if she got picked up by a policeman; that she was anxious to be let out of the police car and followed defendant’s directions and called Massey, whereupon defendant removed the phone from her hand; that defendant said they were supposed to go to Cambridge and Fulton and when they arrived, Massey was there and that she observed Massey hand money to the defendant; and that the witness was then released and not arrested. Thus, Thelma Bodrick, by her statements indicating that she was a policy runner and that she took at least one bet on the day in question, implicated herself in violation of article 225 of the Penal Law, entitled gambling offenses.
The witness had competent knowledge of the facts about which she testified since the evidence elicited from her concerned her own direct observations (5 Wigmore, Evidence [3d ed], § 1471; 31A CJS, Evidence, § 220). Furthermore, the circumstances shown justify the conclusion that there was no probable motive to falsify the facts declared (Richardson, Evidence [Prince — 10th ed], § 262). The witness related that she did not know defendant prior to the day in question and defendant denied ever seeing her prior to the police department trial. Neither was there any evidence that she was given any promises or inducements by the prosecution in exchange for her proof (see United States v Harris, 403 US 573, 583-584).
It was the declarant’s awareness at the time of making the statement that her declaration was against her penal interest that furnishes the circumstantial probability of its trustworthiness (Richardson, Evidence [Prince — 10th ed], §263; cf. Chambers v Mississippi, 410 US 284, 302; People v Wolzer, 41 AD2d 679, 680-681). Bodrick had been told in effect by none other than defendant that her acts, as revealed in her statement, rendered her subject to criminal prosecution (see People v Riccardi, 73 Misc 2d 19, 23, affd 40 AD2d 1083, cert den 414 US 827).
Further support for the introduction of the Bodrick declaration is found in the preliminary evidence at trial showing a connection between the declarant and the events mentioned in her statement (see Richardson, Evidence [Prince — 10th ed], § 260; People v Riccardi, supra, p 22; cf. People v Muniz, 40 *137 AD2d 985). Massey testified inter alia: that in 1969 he was a single action policy banker; that Thelma Bodrick was one of the runners; that in July of that year he received a phone call from Thelma; that defendant came on the line and stated he had Massey’s girl and that if Massey did not straighten things out she would be arrested; that Massey then met defendant at Cambridge Place and Fulton Street, Thelma also being there; and that he, Massey, gave defendant $100. There was considerable other connecting and corroborating testimony introduced during trial, subsequent to the proof concerning the statement of the witness.
Since the declarant was subjected, under oath, to extensive cross-examination at the hearing by defendant and later by his attorney, the testimony in question, in any event, would not be precluded by the confrontation clause of the Constitutions (see Richardson, Evidence [Prince — 10th ed], § 260; see, also, 5 Wigmore, Evidence [3d ed], §§ 1361, 1362; Richardson, Evidence [Prince — 10th ed], §§ 201, 488).
On trial, the admissibility of the Bodrick testimony was questioned and ruled upon. In passing upon that admissibility on appeal, the declaration against interest basis may be considered, since ”[i]n our review we are confined to the questions raised or argued at the trial but not to the arguments there presented” (Persky v Bank of Amer. Nat. Assn., 261 NY 212, 218; Cohen and Karger, Powers of the New York Court of Appeals, pp 625-627; see Vestal, Sua Sponte Consideration in Appellate Review, 27 Fordham L Rev 477, 479-480).
Judges Gabrielli, Jones and Fuchsberg concur with Judge Wachtler; Judge Cooke concurs in result in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.